217 N.J. Super. 506 (1987)
526 A.2d 271
JANET E. CWIKLINSKI AND LEONARD J. CWIKLINSKI, PLAINTIFFS-APPELLANTS,
v.
JEANNE BURTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1987.
Decided May 20, 1987.
*507 Before Judges MICHELS and SKILLMAN.
Charles F. Shaw, III, argued the cause for appellants (Coogan, Pandolfe, Shaw & Rubino, attorneys; Charles F. Shaw, III, of counsel and on the brief).
*508 James P. Brady argued the cause for respondent (Novins, Farley, York, Devincens & Pentony, attorneys; Robert F. Novins, of counsel; James P. Brady, on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs Janet E. Cwiklinski and Leonard J. Cwiklinski appeal from a summary judgment of the Law Division entered in favor of defendant Jeanne Burton in this automobile negligence action. The trial court dismissed the action on the ground that it was barred by the two-year statute of limitations. N.J.S.A. 2A:14-2.
The facts giving rise to this appeal are essentially undisputed. On June 30, 1984, plaintiff Janet Cwiklinski was involved in a motor vehicle accident with defendant, resulting in both property damage and personal injury. The property damage issue was settled, but, because plaintiff suffered a relapse necessitating further medical treatment, settlement of the personal injury claim within the two-year limitations period was not possible. Consequently, plaintiffs' counsel drafted a complaint, which was typed and readied for mailing on May 21, 1986. This was approximately five weeks before June 30, 1986, the expiration date of the two-year statute of limitations set forth in N.J.S.A. 2A:14-2.
According to Madalyn Smith, a secretary in the office of plaintiffs' attorney, all office mail which is ready to be sent out "is hand delivered to the Post Office in Manasquan, New Jersey, on that particular day at approximately 4:45 p.m." Ms. Smith stated in her affidavit that she typed the complaint and the letter dated May 21, 1986, sealed them in an envelope "and put it into the mail so that in fact it could be taken to the Post Office." Significantly, neither Ms. Smith nor any other person stated that the letter containing the complaint was actually deposited at the post office.
*509 During the first week in July, plaintiffs' attorney apparently realized for the first time that he had not received confirmation from the Clerk's Office that the complaint had been received and filed. When the attorney's secretary called the Clerk's Office, she was told that they had no information regarding the complaint. A duplicate copy of the complaint was then forwarded to the Clerk on Monday, July 7, 1986 with the request that it be back dated. This request was ignored. The complaint was thus filed on July 8, 1986. It should be noted that the $75 check which accompanied the May 21, 1986 filing was never returned to counsel nor did it clear the attorney's bank.
Defendant filed an answer on August 20, 1986 and, in September 1986, moved for summary judgment solely on statute of limitations grounds. On October 14, 1986, Judge Kaplan in the Law Division granted the motion, providing the following statement of reasons:
It is clear that the accident occurred June 30, 1984 and suit was not started until July 8, 1986, in excess of the two year Statute of Limitations. In opposing the motion, plaintiff asserts that the complaint had been sent in for filing five weeks earlier. That statement is supported by an affidavit of a secretary. Assuming the facts stated, it is difficult to understand why there would then be a delay of six or seven weeks thereafter while no action is taken to meet the statutory time requirements. Nothing is offered in terms of affidavits from the alleged recipients of the complaint, that is to say, the County Clerk or the Clerk of the Superior Court, and on the basis of what is relied upon, the motion for summary judgment is granted.
This appeal followed.
Plaintiffs seek a reversal of the summary judgment, contending that the complaint had been sent to the Clerk for filing prior to the expiration of the two-year statute of limitations. They claim essentially that the complaint was either lost in the mail or in the Superior Court Clerk's Office and, in either event, they should not be barred from maintaining this action. We disagree and affirm.
The law is settled in New Jersey that proof of mailing, correct addressing and due posting of a letter raises the presumption that it was received by the addressee. See Waite v. *510 Doe, 204 N.J. Super. 632, 636 (App.Div. 1985), certif. den. 102 N.J. 398 (1986); Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc., 93 N.J. Super. 14, 20 (App.Div. 1966); Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App.Div. 1962). Cf. New York Central R.R. Co. v. Petrozzo, 92 N.J.L. 425, 427 (E. & A. 1918). Thus, our analysis must focus upon whether plaintiffs' proofs are sufficient to allow them to invoke this presumption. Specifically, we must determine whether plaintiffs have established that the complaint was in fact mailed on May 21, 1986.
Evidence of office procedure can give rise to the presumption of mailing. In Borgia v. Board of Review, 21 N.J. Super. 462, 467-468 (App.Div. 1952), a case concerning the Unemployment Compensation Commission's denial of benefits to an applicant, we explained that the fact of mailing may be established:
by evidence of a custom with respect to the mailing of letters, coupled with the testimony of the person whose duty it is to perform or carry out the custom... (citations omitted). "We do not think that the mere dictation or writing of a letter, coupled with evidence of an office custom with reference to the mailing of letters, is sufficient to constitute proof of mailing of same, in the absence of some proof or corroborating circumstance sufficient to establish the fact that the custom in the particular instance had in fact been followed." Cook v. Phillips, 109 N.J.L. 371, 373 (E. & A. 1932). (Emphasis supplied).
Cf. Reaves v. Mandell, 209 N.J. Super. 465, 470 (Law Div. 1986) ("evidence of standard office procedure in mailing letters was admitted as tending to prove that a particular letter was, in fact, mailed").
The question of the adequacy of proof of mailing was addressed by our Supreme Court in the context of an insurance dispute in Weathers v. Hartford Insurance Group, 77 N.J. 228 (1978). There, the Court reversed our decision that the evidence of Hartford's cancellation procedure and its certificate of mailing for its cancellation notice had established as a matter of law that plaintiff's policy had been validly cancelled under N.J.S.A. 17:29C-10. Central to the Court's decision was that:
[t]he single supervisory official who testified for defendant in this case did not indicate personal knowledge as to individualized review of the envelopes by a postal clerk before the postmark is affixed. Evidence from personnel in *511 defendant's organization charged with mailing notices and from postal employees as to their verification of the contents of mailed envelopes would have established a stronger case of mailing than what defendant adduced. [(Id. at 235 (Emphasis supplied)].
In light of Borgia and Weathers, we conclude that testimony from one who actually mails the notices or letters is necessary to establish conclusively the fact of mailing.
The only evidence regarding whether or not plaintiffs' complaint was mailed to the Clerk of the Superior Court on May 21, 1986 was the affidavit of Ms. Smith. Although Ms. Smith averred that she "typed the Complaint and the letter dated May 21st, 1986 enclosed and sealed the envelope and put it into the mail so that in fact it could be taken to the Post Office," she did not state that the envelope in question was actually taken to the post office and mailed that day. Thus, there was a complete absence of the type of proof upon which our courts have insisted to establish that a letter has been mailed.
Plaintiffs' reliance upon Waite v. Doe, supra, is misplaced. Here, unlike in Waite, there is no evidence that the complaint was mailed. Plaintiffs' proofs consist merely of an affidavit of their attorney's secretary that does not indicate that the envelope containing the complaint was delivered to the post office. Indeed, the affidavit does not even state that the secretary witnessed the mail being picked up at the law offices. Since plaintiffs cannot establish that the complaint was mailed, they cannot rely upon the presumption of its delivery to the Clerk's Office within a reasonable period of time.
Moreover, even if plaintiffs were accorded the benefit of the presumption of delivery, plaintiffs could not continue to rely upon it for the more than five weeks between the time that the complaint was allegedly mailed and the running of the statute of limitations. When three or four weeks had elapsed and plaintiffs' attorney still had not received confirmation from the Clerk's Office that the complaint had been filed and he had not received the cancelled check for the filing fees, it was incumbent *512 upon him to ascertain if the complaint had reached its destination. He failed to do that here.
As plaintiffs point out, either defendant or her insurance carrier were on notice that plaintiffs were going to pursue a claim, and there has been no showing that defendant or her carrier would be prejudiced by the maintenance of this action. However, standing alone, these facts do not provide an adequate legal basis to avoid the bar of the statute of limitations. As our Supreme Court explained in Kyle v. Green Acres at Verona, Inc., 44 N.J. 100, 108 (1965), a statute of limitations "is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof." Thus, in Leake v. Bullock, 104 N.J. Super. 309 (App.Div. 1969), we upheld the dismissal of an action where the complaint had been filed one day after the running of the two-year statutory period. Plaintiff in Leake had waited until four days before the expiration of the limitation period to mail the complaint and then neglected to ascertain if the Clerk had in fact received and filed the complaint. We therefore held that:
Statutes of limitations embody important public policy considerations in that they stimulate activity and punish negligence and promote repose by giving security and stability to human affairs. Kyle v. Green Acres at Verona, Inc., 44 N.J. 100, 108 (1965). They are intended to run against those who are neglectful of their rights and who fail to use reasonable and proper diligence in the enforcement thereof. Ibid.

Plaintiff waited until four days before the expiration of the two-year limitation period before attempting to file her complaint. Due diligence would have required her either to have filed it directly with a Superior Court judge in her area or to have had it personally delivered to the clerk for filing. Since she chose to mail it to the clerk, reasonable diligence would require that she should have promptly inquired of the clerk to ascertain whether the complaint had been received. This she did not do. Under these circumstances, the risk of a delay in the mail is her own. We therefore conclude that she has not demonstrated any equity in her favor, assuming that equitable considerations could appropriately enter into our considerations. [104 N.J. Super. at 313].
The same reasoning is applicable here.
Accordingly, the judgment under review is affirmed.