■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v ANN M. GRAHAM et al., Respondents, et al., Respondent.—In a hybrid (1) proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, and (2) action for a judgment declaring that the offending motor vehicle was insured by the Allstate Insurance Company at the time of the collision, the petitioner appeals from an order of the Supreme Court, Kings County (Ventiera, J.H.O.), dated October 5, 1989, which, in effect, denied its application for a permanent stay of arbitration and declared that the offending motor vehicle was not insured at the time of the accident.

Ordered that the order is reversed, on the law, with costs, it is declared that the motor vehicle owned by Freda Buncamper was insured by the Allstate Insurance Company at the time of the collision on June 26, 1988, and the application for a permanent stay of arbitration is granted.

On June 26, 1988, the respondent Ann Marie Graham was injured in an automobile collision with an allegedly uninsured motorist. On the date of the accident, the owner of the vehicle Graham was driving maintained an automobile liability policy with the petitioner Eveready Insurance Company (hereinafter Eveready). Graham subsequently served a demand for arbitration upon Eveready, seeking to recover benefits under the uninsured motorist endorsement of that policy. Eveready countered by commencing the instant proceeding to stay arbitration, alleging that the offending vehicle was covered by an automobile liability insurance policy issued by the Allstate Insurance Company, as servicing carrier for the New Jersey Full Insurance Underwriting Association (hereinafter NJUA). By order dated December 13, 1988, the Supreme Court (Ramirez, J.) directed that an evidentiary hearing be held to determine whether the offending vehicle was insured on the date of the accident.

At the ensuing hearing, an Allstate employee testified that on May 4, 1988, the company sent a notice of cancellation to its insured, Freda Buncamper, informing her that her NJUA policy would be cancelled on May 23, 1988, due to nonpayment of a renewal premium. However, no copy of Allstate's offer of renewal, which contained a request for payment of the first installment of the annual premium, was produced at the

hearing. In addition, although Allstate's employee testified that company computer records indicated that a renewal offer was sent to the insured on April 20, 1988, the actual offer could not be produced because the company did not retain copies of the renewal offers it sent to its policy holders. Moreover, no evidence establishing that the offer of renewal had actually been mailed to Allstate's insured was adduced at the hearing. The court subsequently found that Buncamper had failed to pay her renewal premium, and that Allstate had properly cancelled the automobile liability policy in accordance with NJUA rules. We disagree.

The NJUA was created pursuant to statute as a non-profit organization established to provide insurance to individuals who are unable to obtain coverage in the voluntary market *(see, Lopez v New Jersey Full Ins. Underwriting Assn.,* 239 NJ Super 13, 570 A2d 994). Pursuant to NJUA rules, a servicing carrier such as Allstate has the right to cancel a NJUA policy where its offer to renew has not been accepted by payment of the required premium *(see,* NJ Stat Annot 17:29C-7 [A] [a]; *Lopez v New Jersey Full Ins. Underwriting Assn., supra).* However, this right is predicated upon compliance with NJUA rules, which require that an offer to renew be prepared and mailed by the servicing carrier at least 30 days in advance of the effective date of renewal *(see, Lopez v New Jersey Full Ins. Underwriting Assn., supra).*

Applying New Jersey law to the instant dispute *(see, Government Employees Ins. Co. v Sheerin,* 65 AD2d 10), we find that Allstate failed to meet its burden of establishing that it mailed an offer of renewal to its insured. Although New Jersey law permits an offer of renewal to be made by ordinary mail, proof of such mailing may be established by evidence of office procedure only where such evidence is coupled with the testimony of the person whose duty it is to perform or carry out the custom *(see, Cwiklinski v Burton,* 217 NJ Super 506, 526 A2d 271; *Borgia v Board of Review,* 21 NJ Super 462, 467-468, 91 A2d 441). At bar, while Allstate's employee testified that company computer records indicated when renewal offers were made, this witness lacked personal knowledge as to whether an offer of renewal was mailed to the owner of the offending vehicle on April 20, 1988 *(see, Cwiklinski v Burton, supra; Borgia v Board of Review, supra).* Accordingly, we find that Allstate's purported cancellation of the subject policy is invalid, and Eveready's application for a permanent stay of arbitration is granted. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.