685 A.2d 1

SSI MEDICAL SERVICES, INC., APPELLANT–RESPONDENT, v. STATE OF NEW JERSEY, DEPARTMENT OF HUMAN SERVICES, DIVISION OF MEDICAL ASSISTANCE AND HEALTH SERVICES, RESPONDENT–APPELLANT.

Argued September 9, 1996—Decided November 20, 1996.

*John K. Worthington,* Deputy Attorney General, argued the cause for appellant (*Peter G. Verniero,* Attorney General of New

Jersey, attorney; *Joseph L. Yannotti*, Assistant Attorney General of counsel).

*William S. Greenberg* argued the cause for respondent (*McCarter & English*, attorneys; *Mary Ann Mullaney*, on the brief).

The opinion of the Court was delivered by

HANDLER, J.

The State of New Jersey participates in the Medical Assistance Program established under the Social Security Act. Those who are eligible for benefits under the program receive medical and health care from qualified "providers" of services. Providers are reimbursed from the New Jersey Medicaid Program fund.

In this case a provider under the program furnished medical equipment to patients. The State approved certain reimbursement claims submitted by the provider. However, it rejected other claims on the grounds that the evidence did not demonstrate that they had been filed within the time period required for the submission of claims.

On appeal, the Appellate Division reversed the determination of the State. 284 *N.J.Super.* 184, 664 *A.*2d 505 (1995). Based on a dissent, the State filed an appeal as of right to this Court. The sole issue in this case relates to the standard of proof required to demonstrate whether reimbursement claims were timely filed and the sufficiency of the evidence under that standard.

I

The Medical Assistance Program was established by Title XIX of the Social Security Act, 42 *U.S.C.* §§ 1396 to 1396u. The Medicaid program is a federal-state cooperative program that is jointly funded by the state and federal governments. *See N.J.S.A.* 30:4D–2. The program enables participating states to furnish assistance to individuals whose economic resources are insufficient to meet the costs of necessary medical care. The Department of Human Services, through the Division of Medical and Health

Services ("DMAHS"), is the state agency that administers the Medicaid program in New Jersey. *N.J.S.A.* 30:4D–5. Those who are eligible for benefits under the program are given treatment, care, or medical equipment from a qualified "provider" of services. The provider is reimbursed, not by the patient-beneficiary but from the New Jersey Medicaid Program fund. The State may then seek reimbursement from the federal government.

Plaintiff SSI Medical Services, Inc. ("SSI") is a qualified provider. It provides therapeutic beds and other specialized equipment to patients to assist them in their treatment of recuperation from illness, generally at the request of a physician. In November 1992, SSI filed a notice of appeal with the Office of Administrative Law in response to the denial of payment on the disputed claims by the State's fiscal agent, Unisys, which, in November 1991, replaced Prudential Insurance Co. ("Prudential") as DMAHS's fiscal agent. A hearing was held before the Chief Administrative Law Judge ("CALJ"). SSI claimed that it mailed the reimbursement forms within the statutorily prescribed period. SSI submitted into evidence photocopies of the disputed claims contained in patient files as well as employee affidavits attesting to SSI's standard procedure for mailing Medicaid claims. The State submitted its computer printout of claims received between 1990 and 1991, demonstrating no record of timely receipt of SSI's claims.

The CALJ issued a written preliminary decision recommending payment on one-half of the claims. The CALJ found that the evidence supported a conclusion that the claims were completed and mailed in accordance with SSI's procedure and custom. The CALJ was persuaded by the fact that the missing claims were randomly dated, thereby indicating that the loss of claims was random or sporadic rather than a loss attributable to an entire batch of sequentially-dated claims.

The CALJ further ruled that SSI could rely only on the presumption of proper mailing and receipt for a reasonable period of time. Medicaid regulations require the submission of claims within twelve months of the provision of services and allow

inquiries into unsettled claims no later than ninety days after the expiration of the twelve-month period. *See N.J.A.C.* 10:49–7.2(c), (g). The CALJ then divided the claims into two groups: those for which SSI had produced no evidence of resubmittal and those for which SSI had produced a copy of resubmitted billing mailed either within the twelve-month period for timely submission of claims or within the additional ninety-day inquiry period. For those claims in the former group, the CALJ concluded that SSI had exceeded the bounds of reasonableness in relying on the presumption of receipt and recommended rejection of the claims. For the latter group of claims, the CALJ recommended that those be treated as timely submitted.

The decision was reviewed by the Acting Director of DMAHS, who affirmed the decision disallowing payment on the first group of claims (those of which there was no evidence of resubmittal) and reversed the decision allowing payment on the apparently resubmitted claims. The Acting Director's stated reasons for rejecting the claims are as follows:

> The first reason is that the policy of the New Jersey Medicaid program has been that a provider of service must present "documentary evidence of filing" of the claims with the fiscal agent, *Jewish Hospital and Rehabilitation Center v. DMAHS,* 92 *N.J.A.R.*2d (DMA) 53, 58 [1992 WL 279813] (1992). As indicated in the holding of the above-cited case, this Division has historically required a higher standard of proof of timely filing of a claim than the general business practice with regard to processing and mailing set forth in the line of cases on which the Chief ALJ relied in reaching her decision.

> The reason for requiring a higher standard of proof concerning the timely filing of a Medicaid claim is two-fold. The first reason, which is not at issue in this case, is to protect the integrity of the Medicaid program which pays providers of service millions of dollars in both State and Federal funds. The second reason, which is in issue in this case, is to avoid a disallowance of the federal share of the Medicaid payments because a claim was not filed within twelve months from the date of service (42 CFR 447.45(d)) and to comply with the State legislative mandate set forth in *N.J.S.A.* 30:4D–7, that the Commissioner maximize federal funding.

The Acting Director concluded that SSI failed to meet this "heightened standard of proof." SSI appealed.

The Appellate Division found that the standard of proof required by the Acting Director to demonstrate proof of mailing is higher than the traditional preponderance of the evidence stan-

dard generally applied in agency matters, and it disapproved use of that higher standard. 284 *N.J.Super.* at 188, 664 *A.*2d 505. The court held that proof of mailing could be established by evidence of habit or routine practice and that the evidence presented by SSI employees responsible for processing the disputed claims fully supported the CALJ's conclusion that the resubmitted claims were properly and duly mailed. *Id.* at 191, 664 *A.*2d 505. The dissent concluded that the Acting Director had not required a higher standard of proof than that ordinarily required of any litigant in a claim against a private entity. *Id.* at 199, 200–01, 664 *A.*2d 505 (Michels, J., dissenting). Considering the applicable standard of proof for demonstrating proper mailing, the dissent determined that under common law evidence of office custom must be accompanied by evidence that the custom was followed in the particular case. *Id.* at 198–99, 664 *A.*2d 505. It further noted that were the law otherwise, it would still defer to the standard applied by the Acting Director as the agency director charged with interpreting and administering the law governing the agency. *Id.* at 200, 664 *A.*2d 505.

## II

The Acting Director of DMAHS ruled that the resubmitted claims should be disallowed because SSI did not present "documentary evidence" that the claims had been filed. The Acting Director stated that the DMAHS has historically required a higher standard of proof of timely filing of a claim than "general business practice" evidence. It is this final agency decision that forms the basis for our review.

█ Courts have a limited role in reviewing the decision of an administrative agency. *George Harms Constr. v. Turnpike Auth.,* 137 *N.J.* 8, 27, 644 *A.*2d 76 (1994); *Public Serv. Elec. v. New Jersey Dep't of Envtl. Protection,* 101 *N.J.* 95, 103, 501 *A.*2d 125 (1985). Ordinarily, reversal is appropriate only if the decision of the agency is arbitrary, capricious or unreasonable, or not supported by substantial credible evidence in the record as a whole.

*Impey v. Board of Educ.*, 142 *N.J.* 388, 397, 662 *A.*2d 960 (1995); *Dennery v. Board of Educ.*, 131 *N.J.* 626, 641, 622 *A.*2d 858 (1993); *Henry v. Rahway State Prison*, 81 *N.J.* 571, 579–80, 410 *A.*2d 686 (1980).

■ However, an agency has no expertise to decide purely legal issues. *Greenwood v. State Police Training Ctr.*, 127 *N.J.* 500, 513, 606 *A.*2d 336 (1992); *Mayflower Sec. v. Bureau of Sec.*, 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973). In such situations, *de novo* review is appropriate. *Baylor v. Department of Human Serv.*, 235 *N.J.Super.* 22, 26–27, 561 *A.*2d 618 (App.Div.1989), *aff'd*, 127 *N.J.* 286, 604 *A.*2d 110 (1990); *Grancagnola v. Planning Bd.*, 221 *N.J.Super.* 71, 75–76, 533 *A.*2d 982 (App.Div.1987) (citing *Mayflower Sec.*, *supra*, 64 *N.J.* at 93, 312 *A.*2d 497). This case presents a legal question regarding the standard of proof required in order to demonstrate proof of mailing as an evidentiary element in establishing the timely submission of claims. We believe that the Appellate Division was correct in rejecting the Acting Director's "heightened" evidentiary standard.

### III

■ New Jersey cases have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed. *Bruce v. James P. MacLean Firm*, 238 *N.J.Super.* 501, 505, 570 *A.*2d 49 (Law Div.), *aff'd o.b.*, 238 *N.J.Super.* 408, 570 *A.*2d 1, (App.Div.1989); *Tower Management Corp. v. Podesta*, 226 *N.J.Super.* 300, 304 n. 3, 544 *A.*2d 389 (App.Div.1988); *Cwiklinski v. Burton*, 217 *N.J.Super.* 506, 509–10, 526 *A.*2d 271 (App.Div.1987). The conditions that must be shown to invoke the presumption are (1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office. *Lamantia v. Howell Tp.*, 12 *N.J. Tax* 347, 352 (1992).

 The question presented in this case is what level of proof must be demonstrated in order to trigger the presumption of mailing. In the absence of any administrative rule or regulation to the contrary, the traditional preponderance of the evidence standard applies to administrative agency matters. *In re Polk,* 90 *N.J.* 550, 561, 449 *A.*2d 7 (1982); *Atkinson v. Parsekian,* 37 *N.J.* 143, 149, 179 *A.*2d 732 (1962); *see also Fairfax Hospital Ass'n v. Califano,* 585 *F.*2d 602, 611–12 (4th Cir.1978) (in proceeding before the Medicare Provider Reimbursement Review Board, proponent of fact must establish that fact by preponderance of the evidence). Thus, in respect of the ultimate issue in this case, if the proofs establish by a preponderance of the evidence that SSI submitted the claims in a timely fashion, then the claims should be processed for payment.

The Acting Director considered what evidence would be required to demonstrate mailing as a factor in establishing that the claims were received in a timely fashion. He relied on an administrative decision, *Jewish Hosp., supra,* 92 *N.J.A.R.*2d (DMA) 53, which purports to require a higher standard than the traditional preponderance of the evidence standard and applying that standard he concluded that SSI would be required to produce "documentary evidence" of mailing.

 The Appellate Division correctly concluded that the standard of proof applicable to determine timely submission, including the ancillary factors probative of that issue, such as mailing, was the traditional preponderance of the evidence. 284 *N.J.Super.* at 188, 664 *A.*2d 505. The court also recognized that proof of mailing can be established by evidence of habit or routine practice. *Id.* at 191, 664 *A.*2d 505. However, evidence of office custom alone is insufficient to trigger the presumption of mailing and receipt. *Weathers v. Hartford Ins. Group,* 77 *N.J.* 228, 234, 390 *A.*2d 548 (1978). Evidence of office custom requires other corroboration that the custom was followed in a particular instance, in order to raise a presumption of mailing and receipt and meet the prepon-

derance of the evidence standard. *Cwiklinski v. Burton, supra,* 217 *N.J.Super.* at 510, 526 *A.*2d 271.

■ The evidence in this case under the proper standard of proof supports the finding that SSI mailed the claims to DMAHS and that the mailing raised a presumption of receipt. SSI produced affidavits from three employees, which recited SSI's office procedure for filing claim forms. The Medicaid claim forms are prepared by Renee Mills. At the close of each month Ms. Mills matches all invoices with prior approval from the Medicaid physicians and signs and dates the forms. A photocopy of each original form is placed in the patient's file and the original is placed in a pile for submission to DMAHS's fiscal agent. When a sufficient number of original claims accumulate, Ms. Mills places the claims in an envelope, which she personally marks with the address of delivery and SSI's return address. The forms are then deposited in SSI's mail baskets and mail room clerks collect the mail from each of the mail baskets on a daily basis. Once collected, the clerks stamp the individual pieces of mail with appropriate postage and place them in a bin obtained by SSI from the U.S. Postal Service. Every weekday, other than federal holidays, a U.S. Postal Service employee arrives at SSI's offices in the early evening and collects the mail for delivery.

Ms. Mills testified that the claim forms at issue have submission dates which were "relatively evenly scattered throughout the year." This fact refutes any inference that SSI failed to submit one envelope with a substantial group of claim forms in it.

SSI produced detailed and specific evidence by testimony and affidavits from the persons who were responsible for office procedures involving the mailing of the claim forms. SSI also produced photocopies from the patient files of the missing claim forms. Finally, SSI demonstrated that the missing claim forms were randomly dated, dispelling the inference that claim forms were missing because SSI had failed to mail a particular batch of claims that included the missing forms. In sum, the evidence viewed as a whole meets the preponderance of the evidence standard demon-

strating the custom or practice of mailing and that it was followed in respect of the contested claims, thus, creating a presumption of mailing and receipt.

■■ We recognize decisional authority that mailing based in part on evidence of business custom or practice also requires proof that the custom or practice was actually followed on the specific occasion in order to establish the fact of mailing. *Cwiklinski v. Burton, supra,* 217 *N.J.Super.* at 511, 526 *A.2d* 271; *see also Weathers v. Hartford Ins. Group, supra,* 77 *N.J.* at 235, 390 *A.2d* 548 (noting that evidence from postal employees concerning verification of contents of mailed envelopes would have established stronger proof). Those cases express a sound rule, particularly when the issue of mailing arises in a context where it would be expected that those charged with the duty of mailing would be capable of testifying that the documents at issue were actually mailed or that the custom or practice was actually followed. However, in a case such as this, where the business organization is large, the nature of the business operations is complex, and the items mailed on a daily basis are voluminous, it may not be possible for individuals engaged in mailing activities to recall actual mailing of a document or whether the custom or practice of mailing was followed on a given day. In this case, for example, during 1991, SSI submitted on a monthly basis between $200,000 to $300,000 Medicaid claims to Prudential, DMAHS's former agent. In such cases, other corroborating proof creating the reasonable inference that the custom was followed on the given occasion may suffice to establish proof of mailing.[1]

---

[1] In all cases, courts should evaluate the nature and worth of the corroborative evidence offered to determine whether it meets the preponderance of the evidence standard and raises a presumption of mailing and receipt. As the forms of communication change, different proofs will have to be established in order to demonstrate mailing. One of the fastest growing methods of communication is electronic mail or e-mail. E-mail is a computer-to-computer version of the postal service that enables users to send and receive messages and in some instances graphics or voice messages, either to individual recipients or in broadcast form to larger groups. In order to establish proof that electronic

■ The presumption of receipt derived from proof of mailing is "rebuttable and may be overcome by evidence that the notice was never in fact received." *Szczesny v. Vasquez,* 71 *N.J.Super.* 347, 354, 177 *A.*2d 47 (App.Div.1962); *see Waite v. Doe,* 204 *N.J.Super.* 632, 636, 499 *A.*2d 1038 (App.Div.1985), *certif. denied,* 102 *N.J.* 398, 508 *A.*2d 256 (1986). At the time these claim forms were allegedly submitted the State's fiscal agent was Prudential. All of the information contained in Prudential's data system from September 1989 through November 1991 was transferred to the claims history file of Unisys, the State's current fiscal agent. According to Prudential, all outstanding claims received during 1990 and 1991 would have been contained in its computer system and transferred when Unisys took over. DMAHS produced only "generalized statements" that its former fiscal agent, Prudential, had searched its files without finding the claims in question. There was also unrebutted testimony that many claim forms had in the past been "lost" at Prudential and had to be resubmitted. In addition, the CALJ found that the "random dates of the claim forms in issue are a factor in SSI's favor—no batched claims were lost here—only individual claim forms occurring sporadically over more than a year in time." That evidence indicates that the claim forms were more than likely missing because they had been lost after receipt rather than because they had not been mailed and received. The evidence supports a finding that the presumption of receipt was not rebutted.

## IV

We are mindful that public money is involved in this case and that care must be taken to protect against corruption, fraud, and improvidence. However, there is no indication in this case of any

---

messages have been sent, courts may look, for example, to proof of electronic mail return-receipt or to confirmation of downloading or printing. As new technologies continue to develop, the sort of proofs required to demonstrate proof of mailing and receipt will likewise change.

fraud and the Acting Director admitted that the integrity of the Medicaid Program is not in issue here. Furthermore, federal funding will not be jeopardized if we uphold SSI's claims. A Medicaid agency is permitted to "make payments at any time in accordance with a court order, to carry out hearing decisions or agency actions taken to resolve a dispute." 42 *C.F.R.* § 447.45(d)(4)(iv) (1990).

In proceedings before administrative agencies, the parties are not bound by the rules of evidence. *N.J.S.A.* 52:14B–10(a). If DMAHS believes that a heightened standard of proof is necessary to maintain the integrity of the Medicaid system, DMAHS has the power to implement such a rule. *See Texter v. Department of Human Services,* 88 *N.J.* 376, 443 *A.*2d 178 (1982) (noting that administrative regulation may have become obsolete and remanding to agency for further regulatory proceedings). Under the current regulations, a timely claim for payment of non-institutional services, such as those provided by SSI, to any Medicaid recipient provides only that it shall be received by the New Jersey Medicaid Fiscal Agent within "[o]ne year of the date of service" or within "[o]ne year of the earliest date of service entered on the claim form if the claim form carries more than one date of service...." *N.J.A.C.* 10:49–7.2. Nowhere in the relevant regulation does the agency require "documentary evidence" of mailing. If such evidence is deemed necessary, it should be provided in an administrative rule that would provide fair notice of DMAHS's policy to those who file claims. *See Metromedia, Inc. v. Director, Div. of Taxation,* 97 *N.J.* 313, 331, 478 *A.*2d 742 (1984) (holding that general administrative policies should be implemented by rules, not individual adjudications). DMAHS is free to amend its regulations to require "documentary proof" of mailing or to mandate that all submissions be sent by certified mail. Until such a regulation is passed, however, the traditional preponderance of the evidence standard must be followed.

## V

Accordingly, the judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.