762 A.2d 282

NAGIB LUIZ AND SALADINA LUIZ, PLAINTIFFS–APPELLANTS,
v. FERMIN SANJURJO, DRIVER 1, ATLANTIC TRANS TECH,
INC., OWNER 1, ADVANCED ENTERPRISES RECYCLING,
INC., OWNER 2, DEFENDANTS–RESPONDENTS, AND JOHN
DOE(S) 1–20 (SAID NAMES BEING FICTITIOUS), DEFEN-
DANTS.

Superior Court of New Jersey
Appellate Division

Submitted November 1, 2000—Decided November 30, 2000.

Before Judges BAIME and CARCHMAN.

*Stanley Marcus*, attorney for appellant (*Robert J. McKenna*, of counsel and on the brief).

*William J. McGuire*, attorney for respondents (*Joseph J. Trefurt*, of counsel and on the brief).

The opinion of the court was delivered by

BAIME, P.J.A.D.

Plaintiff appeals from a summary judgment dismissing his complaint.[1] Judge Freedman concluded that the two-year statute of limitations had expired. We affirm substantially for the reasons expressed in the judge's oral opinion.

The facts are not in dispute. Plaintiff was involved in an automobile accident on May 29, 1997. The matter was referred to an attorney who apprised defendant's insurer. The attorney drafted a complaint and a letter to the Clerk's Office requesting that it be filed. These documents and a check covering the filing fee were mailed on February 4, 1999. Apparently, the complaint,

---

[1] Although defendant denominated his application as a motion to dismiss the complaint, the judge accepted and considered facts beyond the pleadings, thus converting the application into a motion for summary judgment. *See, e.g., Wang v. Allstate Ins. Co.*, 125 *N.J.* 2, 9, 592 A.2d 527 (1991); *J.L. v. J.F.*, 317 *N.J.Super.* 418, 437, 722 A.2d 558 (App.Div.) *certif. denied*, 158 *N.J.* 685, 731 A.2d 45 (1999).

cover letter and filing fee were either lost in the mail or misplaced after having been received by the Clerk's Office. The attorney was in the process of closing his business checking account at about this time. His bookkeeper allowed ninety days for all outstanding checks to clear and closed the account on May 10, 1999. The final statement was received on June 10, 1999. A final audit revealed that the check covering the filing fee in this case had never been negotiated. A subsequent examination of the file indicated that the attorney had never received a "filed" copy of the complaint with a corresponding docket number. The Clerk's Office had no record of having received the complaint. A duplicate complaint was filed on June 14, 1999.

In dismissing the complaint, Judge Freedman noted that it was sent in a timely fashion with the appropriate postage. While there is no direct proof of what happened to the original complaint after its mailing, it is well settled that proof of the correct addressing and due postage of a letter raises the presumption that it was received by the addressee. *See, e.g., New York Central R.R. Co. v. Petrozzo*, 92 *N.J.L.* 425, 427, 105 *A.* 231 (E. & A.1918); *Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc.*, 93 *N.J.Super.* 14, 20, 224 *A.*2d 510 (App.Div.1966); *Szczesny v. Vasquez*, 71 *N.J.Super.* 347, 354, 177 *A.*2d 47 (App.Div.1962). As the judge observed, however, even according plaintiff the presumption of delivery, the attorney could not continue to rely upon it for more than the time period between the date the complaint was mailed and the date the statute of limitations expired. When three or four weeks had elapsed and plaintiff's attorney still had not received confirmation from the Clerk's Office that the complaint had been filed, it was incumbent upon him to ascertain if the mailing had reached its destination. The judge concluded that the attorney's failure to take that course justified the dismissal of the complaint based on expiration of the limitations period.

We agree with Judge Freedman's decision. We recognize that "[i]n contemplation of law, a paper or pleading is considered as filed when delivered to the proper custodian and

received by him to be kept on file." *Poetz v. Mix*, 7 *N.J.* 436, 442, 81 *A*.2d 741 (1951). We also acknowledge the presumption of delivery of a properly mailed item. *Johnson & Dealaman v. Wm. F. Hegarty, Inc.*, 93 *N.J.Super.* at 20, 224 *A*.2d 510. But as emphasized by Judge Freedman, an attorney owes a duty to monitor whether a mailed document has actually been received and filed. That is an easy task, particularly in the age of computers.

■ We thus adhere to our decision in *Cwiklinski v. Burton*, 217 *N.J.Super.* 506, 526 *A*.2d 271 (App.Div.1987), where we affirmed the dismissal of a complaint on facts identical with those present here. *Cwiklinski v. Burton*, 217 *N.J.Super.* at 511, 526 *A*.2d 271. There may arise extenuating circumstances that preclude an attorney from effectively monitoring whether a mailed document has been filed. *See Novack v. Chait*, 241 *N.J.Super.* 614, 620–22, 575 *A*.2d 908 (App.Div.1990) (Clerk improperly refused to file complaint); *Waite v. Doe*, 204 *N.J.Super.* 632, 637, 499 *A*.2d 1038 (App.Div.1985) (commencement of holiday period prevented lawyer from determining whether complaint had been received and filed by Clerk's Office). In such a case, equitable principles may excuse a filing that otherwise does not satisfy the statute of limitations. But there are no extenuating circumstances here, and we perceive no sound basis to depart from the general rule.

The result we reach is indeed harsh. However, we would be myopic were we to see only the case before us. While we do not doubt the good faith of counsel in this case, departure from the rule adopted in *Cwiklinski* could easily lead to fraud and chicanery. As we pointed out, attorneys have at their disposal the means to monitor the progress of documents mailed for filing. While the dismissal of plaintiff's complaint here is unfortunate, we are of the view that the interests of justice mandate that result.

Affirmed.