**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2102-16T3

LSF8 MASTER PARTICIPATION
TRUST,

     Plaintiff-Respondent,

v.

ANNER CAMPBELL,

     Defendant-Appellant,

and

NU DIMENSIONS DENTAL CENTER
and STATE OF NEW JERSEY,

     Defendants.

_____

        Submitted August 30, 2018 – Decided  November 7, 2018

        Before Judges Rothstadt and DeAlmeida.

        On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-004257-15.

        Anner Campbell, appellant pro se.

Stern & Eisenberg, PC, attorneys for respondent (Christopher M. Camporeale, on the brief).

PER CURIAM

Defendant Anner Campbell appeals the December 8, 2016 order of the Chancery Division denying her Rule 4:50-1 motion to vacate a final judgment in a foreclosure action. We affirm.

## I.

The following facts are derived from the record. On September 8, 2005, Campbell executed an adjustable rate note to Delta Funding Corporation (Delta). To secure payment on the note, Campbell delivered a purchase money mortgage on residential property in Essex County to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Delta. The mortgage was recorded with the Essex County Clerk. Campbell defaulted on the May 1, 2009 payment on the note and has not cured the delinquency since then.

On April 24, 2012, MERS, as nominee for Delta, assigned the mortgage to Household Finance Corporation, III (Household). The assignment was recorded with the Essex County Clerk. On September 24, 2013, Household assigned the mortgage to plaintiff LSF8 Master Participation Trust (LSF8). The assignment was thereafter recorded with the Essex County Clerk.

A-2102-16T3

On August 22, 2014, LSF8 sent a notice of intent to foreclose and default to Campbell at the mortgaged property address. Because Campbell did not cure the delinquency, on February 4, 2015, LSF8 initiated this foreclosure action. Campbell filed an answer. A Chancery Division judge subsequently deemed the answer non-contesting, and returned the complaint to the Office of Foreclosure to proceed as an uncontested matter.

On February 3, 2016, LSF8 filed a motion for entry of judgment. On March 24, 2016, a final judgment was entered by the Chancery Division in favor of LSF8.

On May 5, 2016, Campbell filed a motion to vacate the final judgment. Campbell argued that LSF8 failed to serve its motion for entry of judgment on her, and that LSF8 did not prove that it owned or controlled the underlying note when it applied for final judgment.

On December 8, 2016, the Chancery Division denied the motion. The court found that LSF8 provided credible evidence that its motion for entry of judgment was served on Campbell. In addition, the court held that a defense challenging LSF8's standing to foreclose on the mortgage is not available as a basis to vacate a final judgment and that such a defense was, in any event,

A-2102-16T3

meritless, given the proofs submitted by LSF8 establishing it was assigned the mortgage prior to filing the complaint.

This appeal followed. Campbell reiterates her arguments that the trial court should have vacated the final judgment due to a lack of service of LSF8's motion for entry of judgment, and because LSF8 did not prove that it had standing to foreclose.

## II.

A trial court's determination under Rule 4:50-1 is entitled to substantial deference and will not be set aside in the absence of a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). To warrant reversal of the court's order, the challenging party must establish that the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

With respect to the question of service, the trial court found that LSF8 satisfied all of the requirements set forth in SSI Med Servs., Inc. v. N.J. Dep't of Human Servs., 146 N.J. 614, 621 (1996), to establish a presumption of delivery to Campbell of its motion for entry of judgment. Campbell, on the other hand, offered no evidence rebutting the presumption of delivery. A bald

A-2102-16T3

assertion of non-delivery is not sufficient to overcome the presumption. We find no basis to disturb the trial court's conclusion on this issue.

We also agree with the trial court's conclusion that LSF8 established that it had standing to foreclose on the mortgage. Standing to foreclose on a mortgage is established by "either possession of the note or an assignment of the mortgage that predate[s] the original complaint[.]" Deutsch Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 318 (App. Div. 2012). LSF8 presented the court with a certification establishing that it had a valid assignment of the mortgage prior to the filing of the complaint. Contrary to Campbell's arguments, LSF8 does not need to establish that it is the holder of the note in order to have standing to foreclose on the mortgage.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION