**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1768-20

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

MONICA ZUNIGA-
KOSTADINOV, a/k/a MONICA
KOSTADINOV,

    Defendant-Appellant,

and

PALMERA GROUP LIMITED
LIABILITY COMPANY,
FIA CARD SERVICES, N.A., and
ARTISAN BAKERS GROUP, LLC,

    Defendants.

_____

Submitted January 24, 2022 – Decided March 7, 2022

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-025088-14.

Kenneth Rosellini, attorney for appellant.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendant Monica Zuniga-Kostadinov appeals from a February 1, 2021 post-judgment order entered in this foreclosure action. The order under review denied her application to vacate prior orders rejecting her request to set aside a sheriff's sale. We affirm.

In September 2005, defendant borrowed $441,050 from Wachovia Bank, National Association. She executed a note evidencing the loan, and to secure the payment of the debt, she executed a mortgage against her home in Livingston. The mortgage was duly recorded. Defendant defaulted on the loan in July 2009, and in 2011, she transferred title to the mortgaged property to Palmera Group Limited Liability Company (Palmera).

In June 2014, plaintiff Wells Fargo, N.A., successor by merger to Wachovia, commenced this foreclosure action. Defendant did not answer, and final judgment was entered in favor of Wells Fargo in February 2016.

On June 6, 2016, plaintiff mailed a copy of a notice of sheriff's sale to defendant by regular and certified mail, return receipt requested, informing her

the sale was schedule for June 21, 2016. The sale was postponed over a dozen times, due to emergent applications to stay the sale, defendant's failed efforts at loss mitigation, and her bankruptcy filings.

On October 11, 2019, plaintiff's counsel sent notice to defendant by certified mail, return receipt requested, confirming the sheriff's sale was rescheduled to October 22, 2019. The sheriff's sale proceeded on October 22, and the following month, defendant moved to vacate and set aside the sale. The Chancery Division judge denied her application on December 6, 2019. Defendant moved for reconsideration and that motion was denied on February 14, 2020. Ten months later, defendant moved to vacate the December 6 and February 14 orders, contending she never received notice of the October 22, 2019 sale date.

In support of her application, defendant provided a certification from her mail carrier. The carrier certified she delivered mail to defendant's home in Livingston and remembered the tracking number for the letter plaintiff sent to defendant, notifying defendant of the impending sheriff's sale. The mail carrier certified "[t]he tracking number confirmed that the letter was delivered on October 15, 2019." She also stated she "specifically remember[ed] delivering the letter because [d]efendant's mailbox had a lot of junk mail . . . and the letter

3

was mixed in there." The mail carrier further certified the letter was not signed by defendant. Instead, the carrier admitted she signed for the letter on her "scanner as a courtesy so [defendant] would not miss the certified mail." Noting defendant was "not present" when the carrier signed for the letter without defendant's authorization, the carrier certified it was "common practice in the Livingston USPS mail area that we sign[ed] certified mail on behalf of some residents as a courtesy so the residents [did not] miss the letter."

Following argument on defendant's motion to vacate the December 6 and February 14 orders, the Chancery Division judge concluded:

> I'm not vacating my denial of the motion to reconsider from February, nor my denial of the motion to vacate from December, and I'm not vacating the sheriff's sale.
>
> It appears to me that everything was done correctly here to the point now where we actually have [the mail carrier] indicating, . . . "I delivered the notice." . . . . I also note that the Samojeden[1] case indicates that notices of sale after adjournments can be by regular mail.

On appeal, defendant argues the judge abused his discretion by refusing to vacate the sheriff's sale. She also contends her "motion to vacate and for other relief at the trial court should have been granted pursuant to Rule 4:50-1(f)."

---

[1] First Mut. Corp. v. Samojeden, 214 N.J. Super. 122, 123 (App. Div. 1986).

A-1768-20

We find insufficient merit in her arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only these few comments.

"[A]n application to open, vacate, or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Similarly, we review the denial of a motion under Rule 4:50-1 for an abuse of discretion. Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012).

Courts in this State have the authority to set aside a sheriff's sale "for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable consideration." First Tr. Nat. Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999). Despite the court's broad discretion to employ equitable remedies, the power to set aside a sheriff's sale should be "sparingly exercised." Id. at 52. Likewise, we are mindful relief from a judgment under Rule 4:50-1 "is not to be granted lightly." Bank v. Kim, 361 N.J. Super. 331,

336 (App. Div. 2003). The rule is "'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)).

When a residential property is being sold at a sheriff's sale, the seller must provide notice to the record owner of the property. In fact, Rule 4:65-2 requires "notice of the [sheriff's] sale . . . be posted in the office of the sheriff of the county . . . where the property is located, and also, in the case of real property, on the premises to be sold . . . ." In addition, "at least [ten] days prior to the date set for sale, [the party obtaining the order or writ shall] serve a notice of sale by registered or certified mail, return receipt requested," on "every party who has appeared" and the "owner of record." Ibid. The sheriff "may continue such sale by public adjournment, subject to such limitations and restrictions as are provided specially therefor." R. 4:65-4. The rule does not require notice of adjourned sale dates be served in any particular manner. Samojeden, 214 N.J. Super. at 127-28. Instead, "some reasonable communication" suffices. Id. at 128.

Here, plaintiff complied with Rule 4:65-2 by providing notice of the sheriff's sale in 2016, when the sale was first scheduled. Additionally, the record reflects that in October 2019, defendant received notice of the adjourned sale by certified mail, return receipt requested, at her home address, as confirmed by her mail carrier's certification.

"New Jersey cases have recognized a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." Ssi Med. Servs. v. HHS, Div. of Med. Assistance and Health Servs., 146 N.J. 614, 621 (1996). Thus, the record supports the judge's finding that plaintiff complied with its duty to inform defendant of the adjourned sale date and she had actual notice of the sale date, despite that she did not sign for the certified mailing giving her such notice. Additionally, considering defendant defaulted on the loan over a dozen years ago and judgment was entered against her in 2014, she failed to demonstrate the existence of "truly exceptional circumstances" to warrant relief under Rule 4:50-1(f). Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994). Therefore, the denial of defendant's motion to vacate the judge's December 6 and February 14 orders and to set aside the sheriff's sale was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1768-20