NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

|  |  |
|---|---|
| 648-652 RAYMOND BOULEVARD, LLC, | TAX COURT OF NEW JERSEY |
| Plaintiff, | DOCKET NO. 009761-2023 |
| v. | |
| CITY OF NEWARK, | |
| Defendant. | |

Decided: June 16, 2026

Nestor F. Guzman, Jr., Esq., for plaintiff (Nestor F. Guzman, Jr., LLC).

Scott J. MacDougall, Esq., for defendant (DeCotiis Doyle, LLP).

BEDRIN MURRAY, J.T.C.

I.    Introduction

This constitutes the court's opinion following a plenary hearing conducted in the above-captioned matter.  In short, defendant, City of Newark, moves to dismiss plaintiff's complaint for untimeliness under N.J.S.A. 54:3-21(a)(1) and R. 8:4-1. Plaintiff, 648-652 Raymond Boulevard, LLC, does not dispute that its complaint was filed out of time, but contends that it did not receive defendant's Chapter 75 Notice

of Assessment card ("Chapter 75 card") required under N.J.S.A. 54:4-38.1, and did not discover that its assessment had been increased until August 2023. For the reasons set forth below, the court concludes that defendant has established the presumption of mailing and receipt of the Chapter 75 card. Further, the court concludes that plaintiff has not provided evidence to rebut the presumption of delivery. Therefore, defendant's motion to dismiss the complaint with prejudice is granted.

## II.     Findings of Fact and Procedural Posture

On October 5, 2023, plaintiff filed a complaint with the Tax Court challenging the subject property's assessment for tax year 2023, which was $4,800,000. Defendant moved to dismiss the complaint following the change in case type from "Added or Omitted Direct Appeal" to a "Direct Appeal" of the 2023 regular assessment.[1]

In support of and in opposition to defendant's motion to dismiss, the parties submitted certifications, exhibits, and pre- and post-hearing memoranda of law. At

---

[1] The complaint was filed as an "Added/Omitted Direct Appeal". The court issued a deficiency notice on October 12, 2023 due to plaintiff's failure to include a notice of assessment card along with certain proration information required for an added/omitted appeal. Upon conferring with defendant, plaintiff determined that the case type was incorrect and filed a Consent Order on January 30, 2024 seeking to change the case type to "Direct Appeal". The court entered the consent order on January 31, 2024.

a plenary hearing held on August 22, 2024, the court heard the testimony of plaintiff's representative, Nicholas Daurio, and the testimony of defendant's tax assessor, Frank Dallessio.

The court finds the following facts:

On September 20, 2022, defendant contracted with BRT Technologies ("BRT") to print Chapter 75 Notice of Assessment postcards for tax year 2023. BRT is a computer software service that maintains taxpayer information and generates notice of assessment cards. Aaron Wilson, who ordered the postcards, was defendant's tax assessor at the time. Frank Dallessio, defendant's current tax assessor, was then Chief Assistant Tax Assessor. On or about April 2023, Mr. Wilson vacated the position and Mr. Dallessio was appointed defendant's tax assessor. While Mr. Wilson managed the 2023 bulk mailing, Mr. Dallessio is the custodian of the records pertaining to the bulk mailing of the 2023 notice of assessment cards. These records include cards returned by the United States Postal Service as undeliverable.

On October 17, 2022, BRT Technologies invoiced defendant for the printing of 33,621 postcards for bulk mailing to the property owners in the City of Newark. Each card contained the pertinent property description and the assessment for the current and prior tax years. The cards were addressed to the property owner's mailing address. Mr. Dallessio testified that he is familiar with the process defendant

3

uses to send out the Chapter 75 cards.  He stated that the address on the postcard comes from a deed that has been entered into defendant's system.  In the alternative, a property owner can request that the mailing address be changed by coming into the tax assessor's office and providing the address change in writing.  The postcard also contains defendant's return address and a metered postage stamp.

Mr. Dallessio produced a copy of the 2023 Chapter 75 card for the subject property, printed by BRT, showing a mailing address of 449 East 18th Street.  He also produced a copy of the Notice of Assessment Audit Trail containing the subject property as a line item.  In brief, the record substantiates that a Chapter 75 card was printed for the subject property and that it was included in the bulk mailing.

BRT returned the printed postcards to defendant for mailing.  Mr. Dallessio testified that defendant's custom is to bring the postcards to the mailroom for mailing.  In the event a Chapter 75 card cannot be delivered by mail to the property owner, it is returned to defendant with a sticker advising that the card is not deliverable.  Mr. Dallessio offered such a card for an unrelated property as an example.  That card is stamped with a postmark that indicates it was mailed on January 31, 2023.  Plaintiff's Chapter 75 card for the subject property was not returned to defendant.

Plaintiff purchased the subject property at a sheriff's sale on or about December 5, 2019.  Plaintiff/Grantee's mailing address on the deed is 449 East 18th

4

Street, Paterson, New Jersey ("449 East 18th Street"). On or about September 11, 2023, plaintiff transferred the property to a related entity for consideration of ten dollars. The deed indicated a new mailing address for the property of 175 Broadway, Paterson, New Jersey ("175 Broadway").

Mr. Daurio, plaintiff's representative, stated that he oversees plaintiff's projects on various properties from start to finish, filing permits and working with subcontractors. Mr. Daurio submitted that plaintiff's office relocated to 175 Broadway, Paterson, New Jersey ("175 Broadway") upon vacating 449 East 18th Street in 2018. He testified that he sometimes works at 175 Broadway, where he manages "construction people" and handles certain mailings that come into the office, including tax assessment notices. He stated that the mail gets delivered to someone in that office who then gives it to him.

Mr. Daurio testified that he did not receive the Chapter 75 card in January 2023. He testified that, starting in 2021, he began examining the Chapter 75 cards in order to compare the current and prior year's tax assessments. However, he later testified that he did not recall whether he received the Chapter 75 card for tax years 2020 and 2021, and that he did not receive the Chapter 75 card for tax years 2022, 2023, or 2024. Notably, the 2024 card was sent to 175 Broadway, the address that plaintiff deems correct.

Mr. Daurio explained the situation thusly:

5

> We have so many properties that I look through them . . .
> I basically know what we have and it's not only this
> company, but multiple companies. So when I look
> through the cards, if something sticks out, like 4.8 million
> and I know I just knocked a building down, that . . . sticks
> out like a sore thumb and I would have addressed it
> immediately. I would not have waited. I honestly did not
> get the card. I had no knowledge until I went to go pull a
> permit and then they told me we owe this much money.

Mr. Daurio's testimony is inconsistent on this key issue and creates a reasonable inference that he did not have a functioning system in place for receiving the Chapter 75 cards.

Mr. Daurio certified that at the end of August 2023, he discovered that there was an increased assessment on the property. While Mr. Daurio did not provide a thorough explanation, he said he learned of the increased assessment when he filed for permits from defendant's building department and was required to pay property taxes to date. He stated that he rushed to the tax assessor's office to obtain a copy of the notice of assessment, which was not available. As a result, he caused the present complaint to be filed in October 2023.

Mr. Daurio attributed his alleged non-receipt of the Chapter 75 card for tax year 2023 to defendant sending it to 449 East 18th Street, which was the address on file with defendant's tax assessor. Mr. Daurio testified that he notified the tax collector and water and sewer offices about the address change in 2022 when he noticed another address on a demolition permit he obtained for the subject property.

6

However, he did not offer testimony or proof of notice of address change to defendant's tax assessor. In sum, the court finds that 449 East 18th Street remained the address on file with the tax assessor, and that it was not updated by plaintiff. Defendant changed plaintiff's mailing address on or about September 2023, when the newly recorded deed was transmitted to its tax collector indicating the grantee's address as 175 Broadway.

Finally, plaintiff offers no reason why the complaint was not filed until October 2023 although Mr. Daurio purportedly discovered the increased assessment in August 2023.

Based on the foregoing, the court does not find Mr. Daurio's testimony persuasive. Thus, the court finds that plaintiff has not rebutted the documentary and testimonial evidence submitted by defendant as to the presumption of mailing and receipt, as discussed below.

III.     Conclusions of Law

N.J.S.A. 54:3-21 requires that all direct appeals of local property tax assessments must be filed by April 1 of the tax year in dispute. The statute provides, in part, that:

> [A] taxpayer feeling aggrieved by the assessed valuation or exempt status of the taxpayer's property . . . may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, appeal to the county board of

7

taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may <u>on or before April 1</u>, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000.

[N.J.S.A. 54:3-21(a)(1) (emphasis added).]

<u>R.</u> 8:4-1 effectuates the statutory deadline, providing that complaints filed in the Tax Court in local property tax matters " . . . pursuant to the direct review provisions of N.J.S.A. 54:3-21(a)(1) . . . <u>shall be filed on or before April 1 of the tax year</u> or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later." <u>Ibid.</u> (emphasis added).

Taxpayers who file a complaint directly with the Tax Court must do so by the statutory deadline. In tax matters, the timeliness of a tax appeal is critical. A party's failure to file a timely appeal "is a fatal jurisdictional defect requiring dismissal of the complaint." <u>Regent Care Ctr. v. City of Hackensack</u>, 18 N.J. Tax 320, 324 (Tax 1999). It is well-established that "strict adherence to statutory filing deadlines is essential in tax matters, borne of the exigencies of taxation and the administration of local government." <u>F.M.C. Stores v. Borough of Morris Plains</u>, 100 N.J. 418, 424 (1985) (citing <u>Princeton Univ. Press v. Borough of Princeton</u>, 35 N.J. 209, 214 (1961)). Strict timelines reflect the Legislature's intent to "set out a well organized time-table for the purpose of enabling a municipality to ascertain the amount of

taxable ratables within its jurisdiction in order that it might adopt a responsible and fairly accurate budget." Galloway Twp. v. Petkevis, 2 N.J. Tax 85, 92 (Tax 1980).

Here, plaintiff filed a direct appeal with the Tax Court on October 22, 2023, more than six months after the statutory filing deadline.

N.J.S.A. 54:4-38.1(a), also known as Chapter 75, requires, in part, that "every assessor, prior to February 1, shall notify by mail each taxpayer of the current assessment and preceding year's taxes." Mail properly addressed, stamped, and posted will be presumed to have been received by the party to whom it was addressed. SSI Medical Servs. v. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 617 (1996); see also Bruce v. James P. MacLean Firm, 238 N.J. Super. 501, 505 (Law Div.), aff'd o.b., 238 N.J. Super. 408 (App. Div. 1989); Tower Management Corp. v. Podesta, 226 N.J. Super. 300, 304 n. 3 (App. Div. 1988); Cwiklinski v. Burton, 217 N.J. Super. 506, 509-10 (App. Div. 1987). To invoke the presumption of receipt, a mailing party must establish that (1) the mailing was properly addressed, (2) proper postage was affixed, (3) the return address was correct, and (4) the mailing was deposited in a proper mail receptacle or at the post office. SSI Medical Servs, 146 N.J. at 617. Each prong must be established by a preponderance of the evidence. Ibid.

However, "a lower standard of proof may be acceptable in certain mailing situations . . . includ[ing] the bulk processing and mailing that occurs in connection

9

with the Chapter 75 tax assessment notices." Davis & Assocs., LLC v. Stafford Twp., 18 N.J. Tax 621, 627-628 (Tax 2000) (citing SSI Medical Servs., 256 N.J. at 624). Proof of proper deposit may be demonstrated through evidence of "habit or routine practice," including customary office procedures, Ibid., but "[e]vidence of office custom requires other corroboration that the custom was followed in a particular instance in order to raise a presumption of mailing and receipt." SSI Medical Servs., 146 N.J. at 622-23 (citing Cwiklinski, 217 N.J. Super. at 510).

In the instant matter, defendant has established a presumption of mailing and receipt under the standard established in SSI Medical Services.

Here, the mailing was properly addressed to plaintiff. The court found that defendant sent the Chapter 75 card to the address it had on file when plaintiff purchased the property at a foreclosure sale, 449 East 18th Street, Paterson, New Jersey. Plaintiff produced no evidence that it advised defendant's tax collector or tax assessor of a new address. The mailing address was also listed correctly on the Newark City 2023 Notice of Assessment Trail as of February 1, 2023.

Postage was properly affixed to the mailing. The digital copy of plaintiff's card provided by defendant shows that it was mailed using pre-paid First Class U.S. Mail postage.

The Chapter 75 cards also contained defendant's proper return address. Defendant provided a copy of a card that was returned to sender as proof of same.

10

With respect to the issue of the propriety of the bulk mailing, the court concludes defendant has satisfied this prong through testimonial and corroborating documentary evidence provided by Mr. Dallessio, the custodian of the 2023 records and current tax assessor. The court rejects plaintiff's contention that Mr. Dallessio is not competent to testify to defendant's collaboration with BRT in preparing the Chapter 75 cards and mailing same for tax year 2023.

In sum, the court concludes that the presumption of mailing and receipt attaches to the 2023 notice of assessment cards.

The presumption of receipt, however, is not dispositive. It may be "overcome by evidence that the notice was never in fact received." SSI Med. Servs., 146 N.J. at 625.

The court found that Mr. Daurio's testimony is not persuasive and is insufficient to overcome the presumption of mailing and receipt established by defendant.

Moreover, "[a] taxpayer has a responsibility to ascertain his tax obligation even if no bill is rendered to him." Horrobin v. Dir., Div. of Taxation, 1 N.J. Tax 213, 224 (Tax 1979) (citing N.J.S.A. 54:4-58). Mr. Daurio is a sophisticated person who manages a number of properties and multiple companies. He is aware that the Chapter 75 cards are mailed annually in January and should have exercised diligence in obtaining the pertinent card. See Davis & Assocs., LLC, 18 N.J. Tax at 634.

11

Based on the foregoing, the court grants defendant's motion to dismiss plaintiff's complaint with prejudice.

An Order and Final Judgment accompanies this Opinion.