NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0806-15T3

HELMER, CONLEY & KASSELMAN,
PA,

 Plaintiff-Appellant,

v.

VINCENT MONTALVO, II and
PATRICIA MONTALVO,

 Defendants,

and

BARBARA MONTALVO,

 Defendant-Respondent.
___________________________________

 Argued February 14, 2017 – Decided October 25, 2017

 Before Judges Messano and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Docket No.
 L-0289-14.

 Rebecca K. McDowell argued the cause for
 appellant (Saldutti Law Group, attorneys;
 Thomas B. O'Connell and William D. Brown, of
 counsel and on the brief).

 Gary M. Marek argued the cause for respondent.
 The opinion of the court was delivered by

SUTER, J.A.D.

 Plaintiff Helmer, Conley & Kasselman, PA (Helmer) appeals the

September 11, 2015 order that granted defendant Barbara Montalvo's

(defendant) cross-motion for summary judgment and dismissed its

complaint with prejudice. We reverse only the "with prejudice"

nature of the dismissal, concluding that dismissal without

prejudice was the appropriate remedy. Because Helmer had actual

knowledge that defendant did not have notice of her right to

request fee arbitration before it filed suit, we conclude Helmer

did not satisfy Rule 1:20A-6, requiring dismissal of the complaint.

 Helmer is a law firm. In 2007, defendant signed a "guarantee

of fees and disbursements" (guarantee) in connection with Helmer's

legal representation of her brother-in-law, Vincent Montalvo

(Vincent). Her mother-in law, Patricia Montalvo, also signed the

same guarantee. The guarantee provided that defendant and her

mother-in-law would "be liable and responsible for, and guarantee

the payment of the fees and services for which [Vincent] has

contracted in the [retention agreement], and to promptly pay same

when due . . . ." In the space provided on the guarantee form,

defendant listed her address as 8th Street in Mays Landing1 and

1
 We have omitted the actual house numbers throughout this opinion.

 2 A-0806-15T3
provided her social security number. Vincent failed to make the

required payments.

 On March 26, 2013, Helmer sent a pre-action notice (notice)

under Rule 1:20A-6 about fee arbitration. The content of the

notice is not an issue raised by the parties in this appeal. The

notice was sent both by regular and certified mail to the 8th

Street address that was on the guarantee. The certified mail was

returned with the notation "not deliverable as addressed, unable

to forward." The regular mail also was returned with the notation

"not deliverable as addressed, unable to forward."2 Helmer did

not look for another address for defendant. Defendant did not

notify Helmer that she had a different address.

 On January 23, 2014, Helmer, through its counsel, the Saldutti

Law Group (Saldutti), filed suit against defendant on the guarantee

seeking payment of $26,768.85 in attorney's fees, interest and

costs for its legal representation of Vincent. By that time,

Saldutti had information that the best address for defendant was

at a residence on Main Street in Mays Landing. Personal service

of the complaint was made on the mother-in-law and on a "co-

resident" at the mother-in-law's address, also in Mays Landing but

2
 It appears to have been returned to Helmer on the 31st of a month
in 2013, but the month is not legible on the copy in the record.

 3 A-0806-15T3
on a different street, and a default judgment was entered against

defendant.

 Defendant claims that the first notice she had that Helmer

sued her on the guarantee was when her wages were garnished. She

successfully moved to vacate the default judgment and filed an

answer and counterclaim. Defendant alleged that she signed the

guarantee under coercion and duress and did not read it before she

signed. She did not raise Rule 1:20A-6 as an affirmative defense

to the complaint, but did claim that Helmer used an incorrect

address for service. She listed her address on the answer as Main

Street in Mays Landing.

 The parties attended court ordered mediation. The mediator

concluded that Helmer did not give proper notice to defendant of

the right to fee arbitration and therefore, that it could not file

suit against her. By then, Helmer had filed a motion for summary

judgment based on the guarantee and, following the court mediation,

defendant filed a cross-motion claiming she did not receive proper

notice under Rule 1:20A-6, and requested the dismissal of the

litigation. Helmer contended that they complied with Rule 1:20A-

6 by sending the pre-action notice to defendant's last known

address before filing suit.

 On September 4, 2015, the trial court granted defendant's

cross-motion and dismissed Helmer's complaint with prejudice,

 4 A-0806-15T3
finding that Helmer did not comply with Rule 1:20A-6. The court

reasoned that Helmer's position, if accepted, "would defeat the

purpose of the rule if attorneys only had to send to the last

known address without regard to whether or not plaintiff knows

it's the wrong address or finds out." A revised order was entered

on September 11, 2015, that granted the cross-motion but also

dismissed plaintiff's counterclaims based on the consent of the

parties. Helmer appeals the September 11, 2015 order.

 On appeal, Helmer contends that the court erred by failing

to apply the plain, unambiguous, and ordinary meaning of R. 1:20A-

6, to consider the "guiding principles" of Rule 1:1-2 and to

consider defendant's "unclean hands." Helmer argues that the

court overlooked its substantial compliance with Rule 1:20A-6. If

we conclude the dismissal should have been without prejudice, then

Helmer contends we should equitably toll the statute of

limitations. We find no merit in these issues.

 We review summary judgment using the same standard that

governs the trial court. Henry v. N.J. Dep't of Human Servs., 204

N.J. 320, 330 (2010). As the parties agreed on the material facts,

our task is limited to determining whether the trial court's ruling

on the law was correct. Prudential Prop. & Cas. Ins. v. Boylan,

307 N.J. Super. 162, 167 (App. Div.), certif. denied, 154 N.J. 608

(1998). We review issues of law de novo and accord no deference

 5 A-0806-15T3
to the trial judge's legal conclusions. Nicholas v. Mynster, 213

N.J. 463, 478 (2013); see also Manalapan Realty, L.P. v. Twp.

Comm. of Manalapan, 140 N.J. 366, 378 (1995).

 "Under R. 1:20A-3(a)(1), the client has the exclusive right

to submit a fee dispute to the [District Fee Arbitration] committee

for resolution." Kamaratos v. Palias, 360 N.J. Super. 76, 91

(App. Div. 2003) (Fuentes, J., concurring). "The policy underlying

the fee arbitration system is the promotion of public confidence

in the bar and the judicial system." Saffer v. Willoughby, 143

N.J. 256, 263 (1996). "The fee arbitration process is designed

to afford a client a 'swift, fair and inexpensive' method to

resolve fee disputes." Kamaratos, supra, 360 N.J. Super. at 86.

 Fee committees have the "jurisdiction to arbitrate fee

disputes between clients and attorneys." Id. at 264 (quoting R.

1:20A-2(a)). The fee committee "shall also have jurisdiction to

arbitrate disputes in which a person other than the client is

legally bound to pay for the legal services" unless that obligation

arises from settlement. R. 1:20A-2(a). The parties do not

question the ability of defendant to have asked for fee arbitration

under these rules.

 The Rules provide that "[b]efore an attorney can file suit

against a client to recover a fee, the attorney must notify the

 6 A-0806-15T3
client of the availability of fee arbitration." Id. at 264. The

procedures are set forth out in Rule 1:20A-6.

 No lawsuit to recover a fee may be filed until
 the expiration of the 30 day period herein
 giving Pre-action Notice to a client . . . .
 Pre-action Notice shall be given in writing,
 which shall be sent by certified mail and
 regular mail to the last known address of the
 client, or, alternatively, hand delivered to
 the client, and which shall contain the name,
 address and telephone number of the current
 secretary of the Fee Committee in a district
 where the lawyer maintains an office . . . .
 The notice shall specifically advise the
 client of the right to request fee arbitration
 and that the client should immediately call
 the secretary to request appropriate forms;
 the notice shall also state that if the client
 does not promptly communicate with the Fee
 Committee secretary and file the approved form
 of request for fee arbitration within 30 days
 after receiving pre-action notice by the
 lawyer, the client shall lose the right to
 initiate fee arbitration. The attorney's
 complaint shall allege the giving of the
 notice required by this rule or it shall be
 dismissed.

 Helmer contends its case against defendant should not have

been dismissed because it satisfied this Rule. It mailed the pre-

action notice to defendant's last known address as set forth in

the guarantee; it mailed the notice by regular and certified mail;

it made reference to this mailing in the complaint. The problem

is that both of the mailings were returned to Helmer with notations

that defendant did not receive either one.

 7 A-0806-15T3
 "New Jersey cases have recognized a presumption that mail

properly addressed, stamped and posted was received by the party

to whom it was addressed." SSI Med. Servs. v. HHS, Div. of Med.

Assistance & Health Servs., 146 N.J. 614, 621 (1996). That

presumption has been rebutted here because both the regular and

certified mail were returned to Helmer. Helmer does not contend

that defendant was aware of her right to fee arbitration; it only

asserts that it sent the notice to her last known address.

 The purpose of the Rule was to give clients and others who

might be responsible to pay legal fees the ability for a short

window of time to request the alternate dispute procedure of

arbitration before being subjected to litigation. That the ability

to so do is important cannot be understated. The ability is

expressed in the Rule as a "right" and the sanction for having not

given this opportunity is severe, namely the dismissal of the

complaint. As we stated in Mateo v. Mateo, 281 N.J. Super. 73,

80 (App. Div. 1995), where no notice was given under Rule 1:20A-

6, "[t]here is no sense in requiring an attorney to inform a client

that litigation over a fee dispute may be avoided by bringing the

matter before the Fee Committee, yet binding the client to the

judgment in such litigation where the attorney failed to give the

required notice."

 8 A-0806-15T3
 Given the purpose of the Rule, we conclude that Helmer did

not comply with it when it knew that the client or responsible

third person was not actually notified of her right to request fee

arbitration. In light of our holding, we find no merit to Helmer's

contention that it substantially complied with the Rule's

requirements. See Galik v. Clara Maass Med. Ctr., 167 N.J. 341,

353 (2001) (requiring a "general compliance with the purpose of

the statute" as an element of finding substantial compliance).

 The focus of our decision is narrow. We are not incorporating

a general due diligence requirement into the Rule. That is an

issue more appropriately left for the Supreme Court's

consideration. We simply hold that where counsel has actual

knowledge that the client or responsible third party did not

receive the pre-action notice because both mailings were returned,

the presumption of receipt has been rebutted. Counsel then should

make a genuine effort to obtain a current address and resend the

notice. To do otherwise undercuts the purpose of the Rule because

it pays lip service to the client's "right" to request arbitration

without giving any meaningful opportunity to the client to exercise

it. As the Supreme Court has stated "[t]he ultimate wisdom of the

fee arbitration system depends on its operation in fact." In re

LiVolsi, 85 N.J. 576, 604 (1981).

 9 A-0806-15T3
 The trial court dismissed the complaint with prejudice

because of Helmer's lack of compliance with Rule 1:20A-6. We hold

that the dismissal should have been without prejudice. "As a

general rule, a dismissal on the merits is with prejudice while a

dismissal based on the court's procedural inability to consider a

case is without prejudice." Pressler & Verniero, Current N.J.

Court Rules, comment 4 on R. 4:37-2 (2018) (citing Watkins v.

Resorts Int'l Hotel & Casino, 124 N.J. 398, 415-16 (1991)). In

this case, because there was no adjudication of defendant's

obligations under the guarantee to pay for Vincent's legal fees,

it was error to dismiss the litigation with prejudice.

 We briefly address Helmer's contention that the statute of

limitations should be equitably tolled. It is not clear whether

that issue was raised before the trial court, but even if it were,

we have no need to address it where the complaint remains dismissed

and where the record before us is not adequate to resolve it. No

other issues warrant discussion in a written opinion. R. 2:11-

3(e)(1)(E).

 The dismissal is affirmed but it shall be without prejudice;

we reverse the "with prejudice" designation.

 10 A-0806-15T3