**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3519-13T3

ROBERT CURRIER,

      Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

      Respondent.

_____

Submitted January 31, 2017 — Decided October 26, 2017

Before Judges Suter and Guadagno.

On appeal from the New Jersey State Parole Board.

Tucker Law Group, attorneys for appellant (Ricardo R. Jefferson, of counsel; Mr. Jefferson and Ian S. Clement, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Robert Currier appeals from the final agency decision of the New Jersey State Parole Board (Board) concurring with the decision of a board panel revoking his parole and establishing a twelve-month future eligibility term (FET).  We affirm.

Tried to a jury in 1988, Currier was convicted of first-degree robbery and third-degree unlawful possession of a weapon.  Initially sentenced to life imprisonment as a persistent offender, Currier was resentenced in 1991 after a remand by the Supreme Court, 126 N.J. 388, to an extended term of fifty years with a mandatory minimum term of seventeen years.

In January 2012, Currier became eligible for parole for the fourth time.[1]  He was released with a maximum parole date of January 24, 2019.  In April 2012, Currier tested positive for cocaine, valium, and hydrocodone.  A decision on revocation was deferred to allow Currier to enroll in an intensive outpatient or in-patient treatment program.  In September 2012, Currier was arrested in Naples, Florida and charged with driving under the influence of alcohol (DUI).  Currier was convicted on the DUI charge and sentenced to probation.  A parole violation warrant was issued and Currier was arrested and extradited to New Jersey.

---

[1] Currier was paroled in 2006, and revoked in 2009.  He was paroled later in 2009, but revoked again later that year.

In March 2013, Currier waived a probable cause hearing and proceeded to a final revocation hearing. Hearing Officer Carla Shabazz heard testimony from Florida parole officer Peter Arvin, and Currier's wife, Evelyn Currier. Currier admitted to four of the five violations of conditions and special conditions including testing positive for cocaine, failing to report to his parole officer, and the DUI conviction, but contested the charge that he failed to participate in a substance abuse program. Peter Arvin testified that he provided Currier with sign-in sheets to verify his attendance at NA/AA meetings but Currier failed to return the sheets. Currier testified that he attended NA/AA meetings six days a week from January through March 2012 but did not obtain sign-in sheets because he believed he was not under an obligation to attend.

Evelyn Currier testified that her husband completed a twenty-eight-day drug and alcohol program in July 2012 and was "diligent" in attending AA meetings.

Shabazz sustained the violation that Currier failed to participate in a substance abuse program, noting "he appeared familiar with the group vernacular" and failed to provide proof of attendance. She found that clear and convincing evidence established Currier committed the violations, which she deemed "serious and persistent." She noted that, while Currier

was on parole supervision for approximately nine months and he had several violations of supervision, specifically and most serious is subject's use of alcohol despite opportunities in treatment programs and a new conviction for [DUI]. It appears based on subject's non-compliance that he is unwilling or unable to comply with parole supervision.

Shabazz's recommendation that Currier's parole be revoked was reviewed and adopted by a two-member Board panel. Currier appealed to the full Board. On February 26, 2014, the Board affirmed the Board panels' decision.

On April 10, 2014, Currier's counsel filed a notice of appeal, but the appeal was dismissed on October 29, 2015 for failure to prosecute. We reinstated the appeal on March 4, 2016. Currier now raises one point on appeal:

POINT I

THE COURT MUST REVERSE THE REVOCATION OF MR. CURRIER'S PAROLE BECAUSE THE BOARD'S DECISION WAS ARBITRARY AND CAPRICIOUS AS IT DID NOT CONSIDER ALL OF THE EVIDENCE BEFORE IT.

Our scope of review here is limited and subject to the same standard as other administrative reviews. Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (Trantino VI). We must affirm the administrative action unless it was "arbitrary, capricious or unreasonable, or not supported by substantial credible evidence in the record as a whole." Warren Hosp. v.

N.J. Dep't of Human Servs., Div. of Mental Health Servs., 407 N.J. Super. 598, 610 (App. Div. 2009) (quoting SSI Med. Servs., Inc. v. State, Dep't of Human Servs., Div. of Med. Assistance and Health Servs., 146 N.J. 614, 620 (1996)). "The burden of demonstrating arbitrary, capricious or unreasonable action rests upon the party challenging the administrative action." Ibid. (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We accord a "strong presumption of reasonableness" to the agency's exercise of its statutorily-delegated responsibilities. Newark v. Natural Res. Council Dep't Envtl. Prot., 82 N.J. 530, 539, cert. denied, 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980).

Currier contends that the Board "rubber stamped" the hearing officer's recommendation without independently considering the evidence. We disagree.

The Board's decision first identified the five violations Currier was charged with:

1. Failure to obey all laws and ordinances;

2. Failure to report as instructed;

3. Failure to refrain from the use or possession of controlled dangerous substances;

4. Failure to participate in a substance abuse self help program with community sponsor; and

5. Failure to refrain from alcohol usage.

The Board then noted that Currier admitted to all of the violations with the exception of the requirement that he participate in a substance abuse treatment program. The Board rejected Currier's claim that the hearing officer refused to accept evidence that he had attended various drug and alcohol recovery programs, noting the record indicates that there was "substantial and significant testimony given concerning Mr. Currier's recovery program attendance."

Currier claims that the Board failed to consider his automobile accident and that his relapse was caused in part by his inability to obtain prescribed narcotics. The Board's decision indicated that the Board panel considered Currier's statements in mitigation of the violations.

Based upon our review of the record and legal arguments, we are satisfied that the Board had ample factual and legal basis to conclude that clear and convincing evidence was presented to demonstrate that Currier violated the conditions of his parole and revocation was appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3519-13T3