**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3838-19T2

NELSON PIERSON,

     Petitioner-Respondent,

v.

TRAVELERS INDEMNITY
COMPANY,

     Respondent-Appellant,

and

TREMARCO BROTHERS,
DONALD FORLEO and
FRUTAROM U.S.A.,

     Respondents-Respondents.

_____

Submitted November 10, 2020 – Decided December 7, 2020

Before Judges Fisher and Gilson.

On appeal from the New Jersey Department of Labor, Division of Worker's Compensation, Claim Petition Nos. 2016-13683 and 2016-25360.

Leary, Bride, Mergner & Bongiovanni, attorneys for appellant (David J. Dering, of counsel and on the briefs).

Marc J. Brenner, attorney for respondent Nelson Pierson.

Heimerl Law Firm, attorneys for respondents Tremarco Brothers and Donald Forleo (Wolfgang Heimerl and Susan Curtin Gouldin, on the briefs).

Charlotte C. Kelley, Senior Counsel, attorney for respondent Uninsured Employer's Fund, joins in the brief of respondent Nelson Pierson.

PER CURIAM

Petitioner Nelson Pierson commenced this workers' compensation matter, alleging he was injured on May 7, 2016, during the course of his employment with respondent Tremarco Brothers (Tremarco).[1] Respondent Travelers Indemnity Company filed an answer denying coverage and thereafter quickly moved to dismiss based on its allegation that the coverage it had once provided to Tremarco was cancelled prior to Pierson's alleged work-related accident.

The workers compensation judge determined that testimony was required to resolve the parties' coverage dispute. After hearing testimony over the course

---

[1] Pierson later filed amended claim petitions, asserting that others – Donald Forleo, Tremarco Bros. Scrap Metal Trucking, Inc., and Frutarom U.S.A. – may also be responsible to pay workers' compensation benefits.

of four separate hearing days, the judge entered an order on May 11, 2020, that denied Travelers' motion to dismiss for reasons set forth in a written opinion. Travelers filed a motion for leave to appeal that we granted to consider Travelers' argument that the judge erred in denying its motion to dismiss.

Travelers argues in this appeal that it provided sufficient evidence to demonstrate that it validly cancelled the policy. To be sure, Travelers provided evidence and called witnesses to testify that the policy had been cancelled prior to Pierson's injury, but the judge was not obligated to credit this evidence or testimony. The applicable standard of appellate review requires that we defer to a workers' compensation judge's findings when those findings "reasonably could have been reached on the basis of sufficient credible evidence in the record, with due regard to the agency's expertise." Brock v. P.S.E.&G. Co., 149 N.J. 378, 383 (1997). We likewise defer to a compensation judge's findings that the evidence adduced was not credible, sufficient, or persuasive.

In this case, there was no dispute about some basic facts. In March 2014, Tremarco applied to the New Jersey Workers' Compensation Plan for assignment of an insurance company to provide it with coverage. Tremarco was assisted in this regard by its agent, Brian Piccolo. Travelers was assigned and

provided coverage for 2014-15. As that policy ended, Travelers also issued a policy for 2015-16.

Travelers claimed that Tremarco failed to cooperate with an audit request during the second policy term. Without Tremarco's input, Travelers' audit resulted in Travelers charging Tremarco with an increased premium on both annual policies in an amount nearly double the previously billed premium. Travelers also alleged that it sent on July 6, 2015, a notice that declared the policy would be cancelled on July 24, 2015, if Tremarco failed to pay the additional premium.

To prove this alleged cancellation, Travelers offered the testimony of Timothy J. Lukes, a senior account manager underwriter. Lukes was offered as a person with knowledge of how Travelers conducts premium audits and how it would go about cancelling a policy, but his testimony also revealed he was not the underwriter assigned to Tremarco. Lukes identified the individual who was responsible for Tremarco's account but, as the judge emphasized in her written opinion, this other individual was never called as a witness. The judge also recognized that while Lukes was able to describe the insurance policies and the audit process, he was "unable to explain specific actions or the reasons for [the]

actions taken by Travelers on the Tremarco account."  Travelers called Piccolo to testify as well.  The judge found his testimony uninformative.

Of importance is the fact that Travelers attempted to demonstrate that its July 6 notice would have advised Tremarco that if the additional premium deemed owing was not paid the policy would be cancelled on July 24.  But Lukes testified that when an additional premium after an audit is being sought, the notice would <u>not</u> ordinarily state that a failure to pay would result in cancellation, only that the failure "can affect your insurability."

In denying Travelers' motion to dismiss for reasons thoroughly discussed in a twenty-page written opinion, the workers' compensation judge recognized that N.J.S.A. 34:15-81, which governs the cancellation of such a policy,[2] has been declared by the Supreme Court as "clear and unambiguous," <u>Sroczynski v. Milek</u>, 197 N.J. 36, 43 (2008), and that it was Travelers' obligation to prove that it had complied with the statute's terms.  Travelers, as the judge observed, failed to produce any witness with personal knowledge of the mailing and receipt of

---

[2] N.J.S.A. 34:15-81 declares that such a contract of insurance "may be canceled by either the employer or the insurance carrier within the time limited by such contract for its expiration" and that "[n]o such policy shall be deemed canceled until," among other things, (a) "[a]t least ten days' notice in writing of the election to terminate such contract is given by registered mail by the party seeking cancellation thereof to the other party thereto."

A-3838-19T2

the alleged cancellation notice. While recognizing facts about mailing may be proven with evidence of an office custom, SSI Med. Servs., Inc. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 622 (1996), the judge found that Travelers didn't even offer that type of evidence. Moreover, even if the judge credited Lukes' testimony and drew inferences from it to support a finding that a notice concerning the additional premium generated by the audit was mailed on July 6, there was nothing to suggest that the mailed notice advised that the policy would be cancelled on July 24. Instead, as suggested by Lukes' testimony, the notice might have said only that the failure to pay by July 24 would simply "affect [Tremarco's] insurability," which would not be sufficient to bring about a cancellation on July 24 under the statute.

Clearly, the judge ruled against Travelers because Travelers' failed to call a witness with personal knowledge about either this account or office mailing customs. The judge viewed the testimony that was offered as insufficient to carry Travelers' burden to show a cancellation under N.J.S.A. 34:15-81, as viewed in light of the public policy that favors the continuation of coverage unless the insurer strictly complied with all statutory and regulatory requirements. See Bright v. T & W Suffolk, Inc., 268 N.J. Super. 220, 225 (App. Div. 1993). The judge was entitled to make the findings in question without this

court second-guessing her evaluation of the testimony and other evidence. Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588-89 (1988).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3838-19T2