PER CURIAM.
On September 6,1991, Lawrenceville Garden Apartments (Law-renceville) filed a complaint directly with the Tax Court which contested the action of Lawrence Township (Lawrence) in assessing Lawrenceville’s property at $2,100,000 for the tax year 1991. Lawrence filed an answer to that complaint on September 20, 1991, including among its defenses the assertion that the complaint was untimely and should be dismissed. In March of 1992, Lawrenceville filed a second complaint, challenging its property tax assessment for the tax year 1992. Thereafter, the parties engaged in a series of settlement discussions which resulted in a full settlement of the disputes which existed between them. According to that settlement, plaintiffs 1991 assessment was reduced to $1,347,500 and its 1992 assessment to $1,462,800. Their respective counsel placed the terms of their settlement on the record in the Tax Court on July 9, 1992.
Prior to the execution of a judgment to reflect the terms of the settlement, the Tax Court judge to whom the matter had been assigned contacted counsel on the issue of whether the Tax Court had jurisdiction over the 1991 appeal. In response, both sides filed memoranda and the judge thereafter issued a letter opinion in which he concluded that Lawrenceville’s appeal for the tax year 1991 was filed beyond the filing deadline and that the Tax Court thus lacked any jurisdiction over the appeal. As a result Law-renceville’s 1991 complaint was dismissed and Lawrenceville now appeals to this court.
N.J.S.A 54:3-21 permits a taxpayer contesting a property tax assessment to file a petition of appeal with the appropriate County Board of Taxation (Board) or, alternatively, directly with the Tax Court if the assessed valuation of the property in question exceeds $750,000. Lawrenceville was entitled to file its appeal directly with the Tax Court since the assessed valuation of its property far exceeded the statutory amount. Lawrenceville contended that its filing was timely with the Tax Court since the Director of the Division of Taxation had, in 1991, exercised the authority con *274 ferred upon him to extend until September 15th the filing deadline for tax appeals filed with the County Board of Taxation.
Lawrenceville chose not to file its appeal with the County Board of Taxation on September 6,1991, where such a filing would have been timely, but instead, for reasons of its own, filed its appeal with the Tax Court. The Director of the Division of Taxation, however, has no authority to extend the filing deadline for tax appeals filed directly with the Tax Court. Since the filing deadline in 1991, absent the Director’s extension, was August 15th, Lawrenceville’s 1991 appeal was untimely.
Lawrenceville argues on appeal that the Tax Court, rather than dismissing its complaint, should have referred it to the appropriate County Board since Lawrenceville would have been able to pursue its appeal on a timely basis before the Board. However, the Tax Court had no authority in 1992 to transfer a 1991 tax appeal to the Board since the Board’s jurisdiction to hear 1991 appeals had expired. At no time during 1991 did Lawrence-ville, which had been put on notice of the issue of an untimely filing through Lawrence’s answer, seek to transfer its complaint to the appropriate Board.
Lawrenceville also contends that the complaint should not have been dismissed since Lawrence would not be prejudiced and it, on the other hand, would suffer an injustice by being deprived of its settlement. The law is clear, however, that tax legislation is to be strictly construed. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 495 A.2d 1313 (1985), clearly treats the filing deadlines for tax appeals as jurisdictional in nature and we are compelled to follow that doctrine here.
The same analysis applies to Lawrenceville’s final argument, that the settlement agreement which was negotiated between the parties is a contract and should be enforced absent fraud. The issue raised by this appeal is the jurisdiction of the *275 court to enter an enforceable order, not the ability of the parties vis-a-vis themselves to conclude their differences.
Affirmed.