NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

January 12, 2021

Martin Allen, Esq.
DiFrancesco, Bateman, Kunzman,
Davis, Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, N.J. 07059-6327

Stephen N. Severud, Esq.
40 Baldwin Road – Suite 5
Parsippany, N.J. 07054

  Re: Latter House of Glory, Inc. v. Alexandria Township
    Docket No. 010757-2020

Dear Counsel:

In furtherance of the plenary hearing held on January 5, 2021 pursuant to R. 1:6-6, this letter constitutes the court's opinion with respect to defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction. As discussed more fully below the court denies defendant's motion.

### I. Statement of Facts and Procedural History

On July 23, 2020, the Hunterdon County Board of Tax Appeals ("County Board") affirmed the judgment of the assessor assessing the real property known as Lot 42.01 in Block 10 on the tax


 *







map of the Alexandria Township without prejudice.[1]  The resulting memorandum of judgment was signed by the County Board Commissioners and attested to by the Hunterdon County Tax Administrator on the same date.  A stamped date on the memorandum of judgment indicates the date of mailing as July 27, 2020.  The memorandum of judgment is addressed, for the purposes of mailing, to: "Stephen Severud Esq, 40 Baldwin Rd, Parsippany, NJ."  Counsel confirms that this is his proper mailing address, but certifies that the memorandum of judgment was never received by him by mail or otherwise.

Plaintiff filed a complaint contesting the action of the County Board on September 15, 2020.  On September 29, 2020, defendant filed the within motion to dismiss plaintiff's complaint for lack of jurisdiction due to the late filing of the appeal in this court.  Plaintiff filed opposition to which the defendant filed a reply.  After review of the pleadings filed, the court determined there was an issue of fact requiring a plenary hearing.  Specifically, the court found that there was a dispute as to the mailing of the memorandum of judgment on the date indicated thereon.  The court informed counsel that the parties should be prepared to present witnesses as to this fact in dispute and scheduled the matter for a plenary hearing.

At the hearing on January 5, 2021, the court heard testimony from the two employees of the County Board during the period in question, Anthony Porto, the County Board Tax Administrator and Betta Fatula, administrative assistant.  Mr. Porto testified that each memorandum of judgment issued by the County Board Commissioners is signed by him on the date of hearing; and that once signed he gives the memorandum to his assistant, Ms. Fatula, for

---

[1]The CIS attached to the complaint indicates that the appeal relates to the exempt status of the subject property.  The memorandum of judgment merely refers to the assessment of the subject property.

processing in the computer program, Vital, and mailing. Mr. Porto testified that both he and Ms. Fatula were working on July 23, 2020, the date the memorandum of judgment was executed.

Ms. Fatula testified that she was working during the month of July and had not taken any working days off in the month of July 2020. She further testified that the habit and custom employed in her office during the period in question was identical to that testified to by Mr. Porto. That is, Mr. Porto would sign the memorandums of judgment on the date of the hearing in question, and would deliver the signed memorandums to her for processing at that time. She would then enter the information into the computer program, Vital. She then testified that she would stamp the mailing date on the memorandum and place it in a box for pick up by a Hunterdon County mailroom employee. The memorandum of judgment was mailed to the individual indicated on the memorandum of judgment only and not to any other individual.

Notably, Ms. Fatula testified that due to the restrictions of Covid 19, mail pick ups from her office occurred once daily between 10:30 and 11:30 a.m. The date of mailing stamped on the judgment would, therefore, be determined by her to be a date after the day she completed her processing of the memorandum of judgment. She testified that her records disclosed that there were 12 appeals for Alexandria Township, all of which were heard on July 23, 2020 and all of which were mailed on the same date, July 27, 2020. None of the mailings were returned to the County Board.

As to the actual mailing of the memorandum, Ms. Fatula testified: "The mail is picked up by our mail room. We have a box outside that we put our mail in and one of the guys from the mail room will pick it up and take it." Ms. Fatula had no personal knowledge of what happened once the mail was picked up by the mail room employee. On cross examination she confirmed that she did not personally place any envelopes into the U.S. mails and that the "box" into which

she deposited the mail to be picked up was an internal mail box and not a U.S. postal box; and that she did not know what happens once the mail room employee picks up the mail from her offices.

The court finds all of the testimony provided by defendant's witnesses to be competent and credible.

## II.     Conclusions of Law

The Tax court is a court of limited jurisdiction, defined by statute. McMahon v. City of Newark, 195 N.J. 526, 546 (2008) (citing N.J.S.A. 2B:13-2 and Union City Assocs. v. City of Union City, 115 N.J. 12, 23 (1989)). "Failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 425 (1985) (citing Clairol, Inc. v. Kingsley, 109 N.J. Super. 22 (App. Div.), aff'd, 57 N.J. 199 (1970), appeal dismissed, 402 U.S. 902 (1971)). This is true even in the absence of harm to the defendant municipality. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J. Tax 285 (App. Div. 1994).

A complaint seeking review of adjudication or judgment of the county board of taxation must be filed within 45 days of the service of the judgment. N.J.S.A. 54:51A-9(a). Service of judgment of a County Board of Taxation is deemed complete as of the date the judgment is mailed, subject to the provisions of R. 1:3-3. R. 8:4-1(a)(2). R. 1:3-3 provides "[w]hen service of notice or paper is made by ordinary mail, and a rule or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period."

Thus, applying the foregoing rules to the matter at hand, assuming the memorandum of judgment was mailed on July 27, 2020, the date by which the complaint was required to be filed in Tax Court was Sunday, September 13, 2020. However, R. 1:3-1 provides that if the last day for which action is to be taken is a Saturday, Sunday or legal holiday, the period is extended until the end of the next day which is not a Saturday, Sunday or legal holiday. Thus, the last day for filing

the complaint in this matter was Monday, September 14, 2020. Plaintiff's complaint in the tax court was not filed until September 15, 2020 .

Here plaintiff's counsel asserts that he never received the memorandum of judgment in this matter and questions the date of mailing and service of the judgment of the County Board for purposes of determining the time period for filing an appeal in the Tax Court.[2]

A presumption of receipt of a mailed item applies when the sender demonstrates "(1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office." SSI Med. Servs. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621 (1996) (citations omitted). This presumption can also be established by evidence of habit or routine practice. Id. at 622 (citation omitted). However, office custom by itself is insufficient, it requires "corroboration that the custom was followed in a particular instance …." Id. at 622-23. A court must weigh the credibility of such corroborative evidence to decide "whether it meets the preponderance of the evidence standard," and whether it "raises a presumption of mailing and receipt." Id. at 624 n.1. The presumption of receipt is "rebuttable and may be overcome by evidence that the notice was never in fact received." Id. at 625.

Here, the court finds Ms. Fatula's testimony on routine office procedure pertaining to the mailing of County Board judgments over which she has control to be competent and credible and corroborative that the procedure was filed. The court finds that the habit and custom was followed in this instance such that the memorandum of judgment was placed in the box for outgoing mail of the County Board. However, Ms. Fatula's testimony was insufficient to establish that the

---

[2] Although not entirely clear, defendant's counsel asserts that he only learned that the memorandum of judgment was issued on September 15, 2020.

memorandum of judgment was deposited into any U.S. mail receptacle or into the hands of the U.S. Postal Service.[3] See Cwiklinski v. Burton, 217 N.J. Super 506 (App. Div. 1987) (proof that failed to demonstrate that an envelope was actually taken to the post office was insufficient to demonstrate proof of mailing).

Although the court has credible and competent testimony of the habit and custom employed by the County Board as to its handling of mail, the court has no evidence of what occurs after the mail is picked up by an employee of the mail room. No evidence of the procedures employed by the Hunterdon County mailroom was provided to the court. Thus the court has no basis upon which to conclude that the mail picked up from the County Board was processed for delivery on July 27, 2020, or any other date; or that it was placed in the hands of the U.S. Postal Service at any time. In fact, Ms. Fatula did not testify that the mail was actually picked up by a mailroom person on July 27, 2020 at 10:30 a.m. or on another date or time. This is especially of importance in light of the Covid19 pandemic and the consequent disruption of normal routines globally, as well as the fact that there was a delay of a single day in the filing of the complaint. The court is unable to conclude on the evidence presented herein that the memorandum of judgment was actually placed in the hands of the U.S. Postal Service on July 27, 2020 or on any other date thereafter and that the presumption of mailing, and therefore service, should apply.

Accordingly, under the circumstances presented here, the court cannot conclude that the judgment was mailed on the date indicated and that the presumption of receipt is applicable. There

---

[3] Moreover the testimony did not establish that proper postage was affixed. Ms. Fatula did not testify whether she applied the postage or that postage was applied at the mail room. As there is no testimony regarding the treatment of the mail once it left the County Board's office, the issue of whether sufficient postage was affixed is not determinative.

being no other evidence that the memorandum of judgment was served upon counsel for plaintiff, the court denies defendant's motion to dismiss for late filing.[4]

**<u>Conclusion</u>**

For the reasons set forth above, the court denies defendant's motion to dismiss plaintiff's complaint.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.

---

[4] The court does not address the defendant's assertion that counsel's claims of non-delivery are not credible.  Since the rebuttable presumption of receipt was not established, the claim of non-delivery need not be determined.