**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

| | |
|---|---|
| SHELBOURNE SPRING LLC, | TAX COURT OF NEW JERSEY |
| Plaintiff | DOCKET NO. 013528-2019 |
| v. | |
| NEW PROVIDENCE BOROUGH, | |
| Defendant. | |

**DECIDED: April 7, 2022**

Joseph Buro for Plaintiff Shelbourne Spring LLC
(Zipp and Tannenbaum LLC)

Wesley E. Buirkle for Defendant New Providence Borough
(DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, P.C.)

GILMORE, J.T.C.

This opinion concerns Defendant New Providence Borough's (hereinafter "the Borough") motion to dismiss Plaintiff Shelbourne Spring LLC's (hereinafter "Plaintiff") complaint challenging the 2018 added/omitted assessment rendered by the Borough as untimely pursuant to N.J.S.A. 54:4-63.11 and N.J.S.A. 54:51A-9(b). For the reasons stated herein, the court grants the Borough's motion to dismiss.

## Findings of Fact and Procedural History

The court makes the following findings pursuant to R. 1:7-4. The real property subject to this appeal is located at 41 Spring Street, New Providence, NJ and is classified as Block 210, Lot 21 in the Borough. The mailing address for Plaintiff is 2362 Nostrand Avenue, Suite 7, Brooklyn

NY 11210. Plaintiff filed a complaint with the Tax Court on December 13, 2019, challenging an added/omitted assessment for the subject property for the tax year 2018. The added/omitted assessment placed on the property was:

| | |
|---|---|
| Added/Omitted Assessment | $ 1,570,400 |
| Prorated Assessment | $ 785,200 |
| Prorated Months | 6 |

The Borough filed this motion to dismiss on January 28, 2020, asserting that the complaint was untimely pursuant to N.J.S.A. 54:4-63.11 and N.J.S.A. 54:51A-9(b). After motion practice and after several case management conferences, the court scheduled a plenary hearing to hear witness testimony and make determinations of credibility. The plenary hearing was held on March 3, 2022. Plaintiff presented the testimony of Avi Jacobowitz, who was the Director of Accounting for the Plaintiff during the relevant period. The Borough presented the testimony of Bryan Flynn, Tax Assessor, and Denise Brinkofski, Tax Collector.

## Conclusions of Law

The two statutes that govern the timely appeals of added/omitted assessments are N.J.S.A. 54:4-63.11 and N.J.S.A. 54:51A-9(b). N.J.S.A. 54:4-63.11 provides, in pertinent part:

> [A]ppeals from added assessments may be made directly to the Tax Court on or before December 1 of the year of levy, or 30 days from the date the collector of the taxing district completes bulk mailing of the tax bills for added assessments, whichever is later, of the aggregate assessed valuation of the property exceeds $750,000.
>
> [N.J.S.A. 54:4-63.11].

Additionally, N.J.S.A. 54:51A-9(b) provides:

> Direct appeals to the Tax Court of assessments of property with an assessed valuation in excess of $750,000 as provided in R.S. 54:3-21 shall be filed…with regard to added or omitted assessments, on or before December 1 of the year of levy, or 30 days from the date

the collector of the taxing district completes the bulk mailing of tax bills for the added assessment or omitted assessments, whichever is later.

[N.J.S.A. 54:51A-9(b)].

A failure to file a timely complaint divests this court of jurisdiction even in the absence of harm to the municipality. Lawrenceville Garden Apartments v. Twp. of Lawrence, 14 N.J. Tax 285, 288 (App. Div. 1994). Strict adherence to statutory filing deadlines is of particular concern in tax matters given the "exigencies of taxation and the administration of local government." F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 424 (1985) (citing Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)). "The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure." Galloway Twp. v. Petkevis, 2 N.J. Tax 85, 92 (Tax 1980). "On the issue of adequacy of notice, as on other issues raised by a plaintiff to excuse a late filing and thereby avoid a limitation of the action the burden of proof is on the plaintiff." Southway, Peter & Lena v. Wyckoff Twp., 20 N.J. Tax 194, 200 (Tax 2002).

It is undisputed that in this case, Plaintiff filed their complaint on December 13, 2019, after expiration of the statutory deadline. See N.J.S.A. 54:4-63.11; 54:51A-9(b). Despite this fact, Plaintiff argues that the Borough's motion should be denied because they did not actually receive the notice of the added/omitted assessment until after the December 2 deadline had passed.[1] Plaintiff also argues that the Borough has not established the presumption of receipt with regards to the mailing of the notice of assessment and the added/omitted tax bill, and that even if such presumption was met, Plaintiff has overcome it by producing evidence that they did not in fact receive the notice until after the statutory deadline. In response, the Borough insists

[1] While the two statutes call for a December 1 deadline to file appeals, December 1, 2019 was on a Sunday. Therefore, the deadline for Plaintiff to file an appeal for this matter was December 2, 2019.

that the presumption of receipt has been established, that Plaintiff was put on notice of the added/omitted assessment several times, and that Plaintiff has failed to adequately rebut the presumption of receipt, requiring this court to grant the motion to dismiss.

New Jersey has long recognized "a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." SSI Medical Services, Inc. v. State, Dept. of Human Services, 146 N.J. 614, 621 (1996). Conditions that must be shown to invoke such a presumption are: (1) that the mailing was properly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office. Id. This presumption may be demonstrated through the submission of evidence "of habit or routine practice," but "evidence of office custom requires other corroboration that the custom was followed in a particular instance, in order to raise a presumption of mailing and receive and meet the preponderance of the evidence standard." Davis & Assocs., LLC v. Stafford Twp., 18 N.J. Tax 621, 627 (Tax 2000).

The court finds that based on the certifications filed with the court, corroborated by the testimony of the tax assessor at the plenary hearing, the Borough has met the presumption that the notice of the added/omitted assessment was received by Plaintiff. Mr. Flynn certified to the court the Borough's routine practice with regards to mailing notices of added/omitted assessments:

> 5. First, I input all of the relevant [assessment] information, including but not limited to taxpayer addresses…for each property upon which an added/omitted assessment has been made into my MCS Microsystems computer software…[a]s regards Plaintiff's property, I input Plaintiff's address on file with New Providence Borough.
>
> 6. Second, I use MCS Microsystems to generate added/omitted tax assessment notices for each of the taxpayers of my added/omitted assessment list.
>
> 7. Third, I print out the notices generated by Microsystems.

4

8. Fourth, my office prepares and prints envelopes for each added/omitted assessment notice that are correctly addressed to taxpayers with the correct return address. Plaintiff's envelope was addressed to 2362 Nostrand Avenue, Suite 7, Brooklyn NY 11210.

9. Fifth, my office runs the envelopes through a postage machine which properly stamps the envelopes containing the added/omitted assessment notices. Plaintiff's envelope was run through said postage machine.

10. Sixth, a mail carrier…retrieves the notices to be mailed out by regular mail. Plaintiff's added/omitted assessment notice was mailed out along with the rest of the Borough's added/omitted assessment notices within one (1) or two (2) days of October 1, 2019.

[Second Certification of Bryan Flynn, ¶ 5-10.]

This was corroborated by Mr. Flynn's testimony at the plenary hearing.[2] At the hearing, Mr. Flynn testified that the Borough's mailing system prints out all notices containing the addresses of record with the Borough. Mr. Flynn also testified that the routine practice outlined above was carried out on the day that the notices of 2018 added/omitted assessments were mailed out on October 1, 2019. Lastly, Mr. Flynn testified that the added/omitted assessment mailed to Plaintiff at their mailing address was not returned as undeliverable. Mr. Flynn's certification and testimony, which the court finds to be credible, sufficiently meets the requirements for establishing the presumption of receipt with regards to the notice of assessment. See SSI Medical Services, Inc., 146 N.J. at 621.

The presumption is also satisfied with regards to the added/omitted assessment tax bill based upon the certification and the testimony of the Borough's Tax Collector. In her certification, Ms. Brinkofski outlined the routine procedures that the Borough follows when mailing out added/omitted assessment tax bills, and certified that this procedure was followed on October 11, 2019, when Plaintiff's tax bill for the 2018 added/omitted assessment was mailed.

---

[2] In addition to Mr. Flynn's testimony, the Borough produced a copy of the notice and attached it to the motion as an exhibit. The notice property lists the Brooklyn address as the mailing address, correctly identifies the subject property, the added/omitted assessment, and is dated October 1, 2019.

See Second Certification of Denise Brinkofski, ¶ 2. As to the Borough's customary procedures, Ms. Brinkofski certified that their tax software automatically generates and prints a listing of all the added/omitted tax bills in the Borough. Id. at ¶ 6. Each tax bill is then printed out, and the office "stuffs window envelopes for each added/omitted tax bill that are correctly addressed to taxpayers with the correct return address." Id. at ¶ 8. This was completed for Plaintiff's 2018 added/omitted assessment tax bill. Id. Lastly, Ms. Brinkofski certified that her office then runs the envelopes through the postage machine to be retrieved by the postal service, and that "if any tax bill is not deliverable as addressed, it is returned to my office, and I make a note of it…Plaintiff's added/omitted tax bill was not returned to the Borough as undeliverable as addressed." See id. at ¶ 9-12.

This was corroborated by Ms. Brinkofski' s testimony at the plenary hearing. At the hearing, Ms. Brinkofski testified that the Borough's customary procedures with regards to mailing of added/omitted assessment tax bills was completed on October 11, 2019. Ms. Brinkofski also testified that taxpayer information is pulled from the same online system the assessor uses when printing notices, and imported into the database used to generate tax bills. The listing of taxpayer accounts is subsequently printed and matched with the list of added/omitted assessment tax bills, and the bills are thereafter stuffed in window envelopes, postage is affixed, and they are mailed to taxpayers.[3] Ms. Brinkofski testified that this was done for Plaintiff, and that Plaintiff's bill was not returned to her office as undeliverable.[4] The certification and testimony of Ms. Brinkofski, along with the documentary evidence presented by

---

[3] The Borough also submitted into evidence copies of the cover letter and attached tax bill that was mailed to Plaintiff dated October 11, 2019; the Tax Collector's affidavit dated October 11, 2019, swearing that the mailing of tax bills was completed; and a signed letter to the Union County Board of Taxation indicating that the bulk mailing for all added/omitted assessment tax bills was completed dated October 11, 2019.

[4] Ms. Brinkofski also testified that, while not required by law, she also completed an electronic mailing of the tax bill to the entity responsible for the payment of Plaintiff's tax bills.

the Borough, lead the court to conclude that the Borough has also met the presumption of receipt with regards to the mailing of Plaintiff's tax bill for the 2018 added/omitted assessment.[5] See SSI Medical Services Inc., 146 N.J. at 621.

The presumption of receipt outlined in SSI Medical Services Inc. "is rebuttable and may be overcome by evidence that the notice was never in fact received." Davis & Assocs., LLC, 18 N.J. Tax at 629 (citing SSI Medical Services Inc., 146 N.J. at 625). In Davis & Assocs., LLC, the municipality sought to dismiss the taxpayer's appeal because their petition of appeal was filed after the statutory deadline imposed in N.J.S.A. 54:3-21. See 18 N.J. Tax at 624. The court, after finding that the municipality had meet the standard sufficient to establish a presumption of receipt of the Chapter 75 assessment cards, found that the presumption was not rebutted by the taxpayer. 18 N.J. Tax at 627-29. The taxpayer relied on the testimony of their receptionist and controller as to the routine office practice. Id. at 629. The receptionist testified that she stamped and sorted the tax bills and subsequently gave them to the controller for the taxpayer. Id. She also testified that she did not remember receiving any of the tax notifications at issue in that case, but acknowledged that the notices could have been delivered to the taxpayer's office. Id. The controller testified that he was responsible for paying tax bills, and he never received any Chapter 75 notification cards from the municipality for the tax year in question.[6] Id. at 630. The controller also testified that had he received the notice of assessment, he would have attached a memo and "sent it to the owner." Id.

---

[5] The Borough also presented sufficient evidence that indicates that the delinquency notices for the subject property dated November 14, 2019 were received by Plaintiff. Ms. Brinkofski testified that the mailing of delinquency notices requires the same procedures as the mailing of tax bills and notices of assessments, and this was done on November 14 for the delinquencies. Plaintiff had a delinquency because it had not paid the taxes due for the added/omitted assessment until January 16, 2020.

[6] The controller also testified that he first learned of the assessment on the subject property when he received the third quarter tax bill.

7

The court dismissed the appeal. Id. at 635. The court found that the evidence submitted by the taxpayer was "insufficient to rebut the presumption of receipt because the taxpayer failed to establish by a preponderance of the evidence that it did not receive the [notice of assessment]. Id. at 633. The court reasoned that because the receptionist acknowledged that it could have been delivered despite her not remembering, along with the fact that the court determined that the controller's testimony was not credible, there was no evidence that warranted rebutting the presumption that the taxpayer received the notice of assessment." Id. The court also found that equitable considerations were not applicable there, because there was ample evidence to find that the Chapter 75 notices were properly mailed to the taxpayer. Id. But see Centorino v. Tewksbury Twp., 18 N.J. Tax 303, 320 (Tax 1999) (granting extension of filing deadline to taxpayer when municipality acknowledged it knew of new address for taxpayer but sent notice of assessment to wrong address).

Here, Plaintiff argues that they have provided sufficient evidence to rebut the presumption by indicating that they did not receive notice of the assessment until after the December 2 deadline. In support of this argument, Plaintiff presented the testimony of Avi Jacobowitz, Director of Accounting for Plaintiff.[7] Mr. Jacobowitz testified that in his role he oversees the financials for all the properties owned by Plaintiff. Plaintiff contracts with other entities to manage the properties, and for the subject property, Plaintiff contracts with Diversified Management Plus. Mr. Jacobowitz testified as to the procedures that his office follows when receiving correspondence relating to tax matters. He testified that the receptionist at his office opens mail and sends it throughout the office to the individual responsible for handling the

---

[7] Plaintiff also relied on the certification of Judy Malin, Director of Operations for Diversified Management Plus, the entity responsible for managing the subject property. Ms. Malin did not testify at the plenary hearing.

matter. He testified that this is usually done on the same day that the mail is received, and that tax bills and notices of assessments usually follow that same process. When a tax bill is received, it is scanned and then sent over to Diversified Management Plus, the manager of the subject property. Correspondence is not date stamped when it is received at Mr. Jacobowitz's office.

Mr. Jacobowitz testified that he has never waited over a month to forward correspondence to Diversified Management Plus, and that he does not recall if he has ever waited over a month to review tax correspondence from a municipality. He testified that based on the procedures outlined, and the fact that he forwarded the notice of assessment to the subject property's manager on December 5, 2019, it must have been received by his office either that day or the day before. He testified however that he cannot confirm exactly when it was received, and that the receptionist responsible for intake of mail on the relevant dates is no longer employed by his firm.

Portions of Mr. Jacobowitz's testimony was corroborated by the certification of Judy Malin, Director of Operations for Diversified Management Plus. In her certification, Ms. Malin stated:

> When mail is received at the Brooklyn address…it is opened by the receptionist, per standard practice, upon receipt, and delivered to the employee to whom it is addressed or, if not so addressed, to the employee which oversees the matter…[i]f the mailing is related to real property taxes, it is then immediately forwarded to Diversified Management Plus, per standard practice, for review and action, if required. A review of the file indicates that the standard procedure outlined above was followed in this instance: the notice of added/omitted assessment, upon receipt was delivered to Avi Jacobowitz, the Director of Accounting for the Plaintiff and employee responsible for real property tax matters. Mr. Jacobowitz then forwarded the notice to me on December 5, 2019.
>
> [Certification of Judy Malin, at ¶ 7.]

Based upon Mr. Jacobowitz's testimony and the certification of Ms. Malin, Plaintiff argues that the notice of assessment could not have been received until after the December 2 deadline because Mr. Jacobowitz did not forward it to Diversified until December 5.

The court finds that Plaintiff has not rebutted the presumption of receipt. As the Borough states, Plaintiff does not dispute that the 2362 Nostrand Avenue Suite 7, Brooklyn, NY 11210 address on file was its correct address. See Centorino, 18 N.J. Tax at 320 (extending filing deadline for taxpayer when municipality knew of wrong mailing address and mailed to the incorrect address). This case aligns with Davis & Assocs., LLC, where the court found that the taxpayer did not present sufficient evidence to overcome the presumption of receipt. 18 N.J. Tax at 633. Here, the only testimony offered by Plaintiff was of Mr. Jacobowitz. No testimony or certification of the receptionist that was responsible for opening, sorting, and furnishing of mail received by Plaintiff has been provided. Without the testimony of the individual who was responsible for opening, sorting, and furnishing mail at the office, there is not sufficient evidence on the record for the court to find that the notices were in fact received by Plaintiff after December 2, as opposed to simply having been misplaced, misfiled, neglected, or misdirected after having been received. Furthermore, there was testimony at the plenary hearing that stated that Plaintiff does not time stamp any of its mail when it receives it, which may have supported Plaintiff's argument in the absence of testimony from the receptionist.

Regarding the evidence presented by Plaintiff that its office did not receive the October 11, 2019 added/omitted assessment tax bill or the November 14, 2019 delinquency notice, the same reasoning applies.[8] Because the evidence presented is insufficient to show that Plaintiff did

---

[8] The Borough has presented sufficient evidence for the court to conclude that it notified Plaintiff of the added/omitted assessment at least five times before the filing deadlines in N.J.S.A. 54:4-63.11 and N.J.S.A. 54:51A-9(b): (1) the October 1, 2019 notice of added/omitted assessment; (2) October 11, 2019 added/omitted assessment

not receive the notice of added/omitted assessment until after the filing deadline, the court must dismiss the appeal. See Davis & Assocs., LLC, 18 N.J. Tax at 633.

The Borough's motion to dismiss is granted, and judgment is entered accordingly.

/s/ Michael J. Gilmore, J.T.C

---

tax bill; (3) October 11, 2019 electronic added/omitted assessment tax bill; (4) the November 14, 2019 delinquency notice; and (5) the November 14, 2019 electronic delinquency notice.