TAX COURT OF NEW JERSEY



**MICHAEL J. DUFFY**
**JUDGE**

Dr. Martin Luther King Jr. Justice Building
495 MLK Boulevard, 4th Floor
Newark, New Jersey 07102-0690
(609) 815-2922  Ext. 54580


March 15, 2024


Steven D. Janel, Esq.
Law Offices of Steven D. Janel
2 State Route 31 North, 2nd Floor
Pennington, NJ  08534
*Attorney for Plaintiff*

Robert H. Oostdyk, Esq.
Murphy McKeon, P.C.
901 Route 23 South, 2nd Floor
Pompton Plains, NJ  07444
*Attorney for Defendant*


Re:    Janel Builders, Inc. v. Township of Pequannock
       Docket No. 008097-2023

Dear Mr. Janel and Mr. Oostdyk:

This letter shall constitute the court's opinion in connection with its Order to Show Cause

why the above-referenced complaint, filed on June 30, 2023, to appeal an assessed valuation

resulting from a municipal-wide reassessment should not be dismissed as untimely, under N.J.S.A.

54:3-21(a)(1).  Plaintiff alleges that it never received the notice of assessment and asserts that the

court should excuse the late filing.  For the reasons stated herein, the complaint is dismissed.

PROCEDURAL HISTORY

On  June 30, 2023, Plaintiff, Janel Builders, Inc., filed a direct appeal to the Tax Court,

contesting the assessed value of property it owns located at 6 Industrial Road, Pequannock

Township, Morris County ("Subject Property") for tax year 2023.  The Subject Property is listed









in the municipal tax map as Block 4402, Lot 7. Relevant here, Defendant, Pequannock Township (the "Township"), conducted a municipal-wide reassessment for tax year 2023 and the deadline for filing a direct tax appeal with the Tax Court was May 1, 2023, pursuant to N.J.S.A. 54:3-21(a)(1).

On August 7, 2023, Plaintiff submitted a letter to the court pertaining to the late filing of its appeal. In this letter, Plaintiff alleged that it never received the tax assessment notification card (commonly referred to as "Chapter 75 card") and was unaware of the increase in the valuation until the estimated tax bill was received in June 2023. For those reasons, Plaintiff argues that the court should excuse the untimely filed complaint. On August 17, 2023, this court entered an Order to Show Cause why the complaint should not be dismissed as untimely filed and set a briefing schedule.[1]

On September 15, 2023, Plaintiff filed a certification from Lindsay R. Janel, Esquire, in opposition to the Order to Show Cause. On September 29, 2023, the Township filed a letter brief and certification of Jason Cohen, Executive Vice President of Appraisal Systems, Inc., who participated in the supervision of the 2023 municipal-wide reassessment. Cohen certified that his records reflect that four mailings were sent via U.S. Mail to Plaintiff at the record address of 260 Wanaque Avenue, Pompton Lakes, New Jersey 07442 as part of the 2023 reassessment process, including a Chapter 75 card which was sent by bulk mail by another company, Microsystems-nj.com, LLC ("Microsystems").[2] The copy of the Chapter 75 card attached to

---

[1] A court may at any time, sua sponte, dismiss a matter for lack of subject matter jurisdiction. Murray v. Comcast Corp., 457 N.J. Super. 464, 470 (App. Div. 2019); R. 4:6-7, Pressler & Verniero, Current N.J. Court Rules, cmt. 1 (2024) on R. 4:6-7 ("lack of subject matter jurisdiction . . . may be raised at any time, including on appeal").

[2] The other correspondence included: (1) a May 20, 2022 letter addressed to Plaintiff, advising that the Township would be undertaking a reassessment program beginning with tax year 2023

Cohen's certification was obtained from the "Microsystems platform" and had the property owner's name redacted.

These certifications were insufficient to decide the Order to Show Cause, therefore, the court heard argument and testimony of Cohen and Ms. Janel on November 2, 2023. At the hearing, Plaintiff raised concerns about the redacted Chapter 75 card and the Township agreed to provide the court with an unredacted copy.

On November 16, 2023, the Township supplemented the record with certifications from Jason Laliker, the Township's assessor; and William Raska, member of Microsystems. Raska's certification included "an accurate and unredacted" copy of the Chapter 75 card that was mailed to Plaintiff. On December 2, 2023, Plaintiff filed a letter brief, raising hearsay objections to the certifications of Laliker and Raska regarding the mailing of the Chapter 75 card. Plaintiff's letter also highlighted that Cohen's redacted Chapter 75 card and Raska's unredacted card, contained numerous formatting differences, and were not the same. On February 14, 2023, the court heard testimony from Raska concerning the two versions of the Chapter 75 card.

## FACTUAL FINDINGS

William Raska was responsible for preparing the Chapter 75 cards for the 2023 tax year and explained the process in detail. Raska is a member of Micosystems, an information systems company that provides tax assessment software and support to counties and municipalities in New Jersey. Microsystems contracted with the Township to prepare and mail a Chapter 75 card

---

("Introduction Letter"); (2) a May 24, 2022 letter addressed to Plaintiff, requesting income and expense data for the Subject Property, pursuant to N.J.S.A. 54:4-34 ("Chapter 91 Letter"); and (3) a January 3, 2023 letter addressed to Plaintiff, that identified the new total assessed value for the Subject Property for 2023 ("Valuation Letter"). It is undisputed that the Chapter 91 Letter, which was sent by certified mail, was received on March 26, 2022, as evidenced by the return receipt card signed by Ms. Janel.

3

to each taxpayer showing the current assessment and the preceding year's tax liability, as required by N.J.S.A. 54:4-38.1.

Initially, Raska prepared the Township's Tax List for year 2023 and created files with the information and values for each of the properties in the Township for Chapter 75 card mailing. The Tax List and proof copy of 100 postcards, representing the 100 highest taxpayers, was then sent to the Township's assessor for review and approval. After receiving the assessor's approval, Raska sent the file to a commercial printer in order for the printer to place a U.S. postal bar code on the postcards. In this instance, the printer sent Raska a PDF containing approximately 60,000 cards in the batch, although only 5,133 cards were for Township properties.

Raska also explained his verification process in his certification:

> I copied the [printer's] PDF file to our server and ran a program that compares each card with the data I sent the printer. To further verify accuracy, the program we use also produces the total number of cards and the total assessed value for the Township. I verified that the total assessed value matched the Tax List. The Chapter 75 card for the Janel Builders, Inc property at 6 Industrial Road was identified as number 55062 in the printer's PDF file. Satisfied that the Chapter 75 postcards for the Township were accurate, I authorized the printer to print and bulk mail the Township's 2023 assessment postcards.[3]

Raska also credibly explained the basis for the disparity between the redacted and unredacted Chapter 75 cards. As another service of Microsystems, the company makes available on its website a redacted version of the Chapter 75 cards. Raska confirmed that the formatting on his website does not match the formatting on the mailed cards. Stated differently, Raska provided the court with a copy of the Chapter 75 card that was actually mailed to Plaintiff, whereas Cohen provided the court with information available on the Microsystems platform.

---

[3] Raska stated that he also undertakes a manual "spot check" – a random verification of two or three cards within a 60,000 batch.

The court examined the unredacted Chapter 75 card for the Subject Property and finds that it: (1) is addressed to Plaintiff at 260 Wanaque Avenue, Pompton Lakes NJ 07442; (2) has a return address of Pequannock Twp 530 Tpk., Pompton Plains NJ 07444-1799; (3) has first class postage affixed; and (4) includes language confirming a "date mailed: 2/3/23". It finds that the Chapter 75 card for the Subject Property was correctly addressed, that proper postage was affixed and that the return address was correct.

According to Raska, the commercial printer mailed all 5,133 assessment postcards for the Township properties on February 3, 2023. To verify that the printer actually and successfully mailed the cards, Raska had a "test" card sent to his home, which was received. Jason Laliker, the Township's assessor, confirmed that a total of forty (40) post cards were returned as undeliverable to the Township - further evidence of the bulk mailing. The Chapter 75 card for the Subject Property was not one of the returned cards.

Ms. Janel is a practicing attorney and maintains a law practice at 260 Wanaque Avenue, Pompton Lakes - the same address on file with the Township's assessor for the Subject Property.[4] Ms. Janel handles all the administrative tasks for Plaintiff, including maintaining the books and records, issuing payments and receiving mail and legal notices. Ms. Janel is not an employee of Plaintiff, nor is she paid for these services. Rather, Ms. Janel performs these tasks to help her aging father, who lives in Atlantic County, with the family real estate business.

Ms. Janel's law practice focuses on real property, which includes issues which "touch upon" real estate taxes. Ms. Janel certified:

> I am very familiar with the New Jersey laws pertaining to municipal property tax, and understand that there is a limited period by which to appeal a municipal tax assessment . . . . I also understand the

---

[4] Six other Janel family-owned entities also utilize the 260 Wanaque Avenue, Pompton Lakes address. No other parties occupy or utilize this address.

significance of the . . . Notice of Tax Assessment as being the only notice that a property owner receives as to any change in valuation prior to the expiration of the right to seek redress for the same.[5]

Ms. Janel certified that she personally reviews every piece of mail that is delivered to 260 Wanaque Avenue, although 90 to 95% of the mail received pertains to her law practice. Ms. Janel certified that she never received the 2023 Chapter 75 card at 260 Wanaque Avenue. She also complained about having "issues" receiving the mail at that address in the past.

Upon receipt of the June 2023 tax bill, Ms. Janel certified that she examined her records and the Chapter 75 card for the Subject Property was not located in any of her property files.[6] Ms. Janel certified that, based on the assessed valuation of the Subject Property, Plaintiff would certainly have undertaken affirmative steps to challenge the assessment had the notice been received.

At the November 2, 2023, hearing, Ms. Janel was questioned about the Pequannock 2023 revaluation and her memory was less clear about the other documents. She testified that she did not recall seeing the May 20, 2022, Introduction Letter and that she might have given it to someone in the office, or her father. She admitted that she signed for the May 24, 2022, Chapter 91 Letter, which was sent by certified mail, but again did not recall seeing that letter or she may have given it to her father. Finally, Ms. Janel testified that she was not familiar with the January 3, 2023, Valuation Letter and only learned of the letter during the pending litigation.

---

[5] Ms. Janel testified that she timely appealed the assessed value of the Subject Property for a prior tax year.

[6] Ms. Janel maintains a separate filing system for each property. She testified that prior to the hearing, she searched her files and found a 2023 Chapter 75 card for each of the six (6) other properties – all located in other taxing districts.

ANALYSIS

New Jersey law recognizes a presumption "that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." SSI Med. Servs. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621 (1996). To invoke the presumption, the sender must show by a preponderance of the evidence: (1) that the mailing was correctly addressed; (2) that proper postage was affixed; (3) that the return address was correct and (4) that the mailing was deposited in a proper mail receptacle or at the post office." Id. at 621-622. This court has recognized that "a lower standard of proof may be acceptable" to invoke the presumption of receipt in certain situations, including the "bulk processing and mailing" that occurs in connection with the Chapter 75 notices. Davis & Assocs., LLC v. Stafford Twp., 18 N.J. Tax 621, 628 (Tax 2000); Jantzen v. Green Twp., 33 N.J. Tax 222, 241 (Tax 2023).

Plaintiff argues that the Township is not entitled to a presumption of receipt, since the Township failed to prove that the Chapter 75 card was actually mailed. Plaintiff asserts that neither Laliker nor Raska has first-hand knowledge of the bulk mailing since the unrelated commercial printer performed the mailing. It is true that the Township did not include any proof of mailing from the printer.[7] However, there is sufficient collaborative evidence in the record to establish that the Chapter 75 card was bulk mailed and, thus, the absence of a submission from the commercial printer is not fatal for purposes of the presumption of receipt. See SSI Med. Servs., 146 N.J. at 624.

Raska explained in detail the process for verifying that the Chapter 75 card for the Subject Property was included in the printer's bulk mailing in February 2023. First, Raska created the

---

[7] Raska's certification states that an accurate copy of the certification of mailing was attached. No such certification of mailing was provided to the court.

initial file that was used by the printer to generate the PDF file, containing the batch of approximately 60,000 tax assessment notice cards. Second, Raska was able to confirm with pinpoint accuracy that the Chapter 75 card for the Subject Property was included in the printer's PDF file – as number 55062. Third, Raska had actual knowledge that the bulk mailing occurred, because he received the "test" card, which was in the same batch. Similarly, Laliker has actual knowledge that forty (40) Chapter 75 cards were returned to the Township by mail, which is further evidence that the bulk mailing actually occurred. Moreover, the fact that the Chapter 75 card for the Subject Property was not one of the returned cards is additional evidence in favor of the presumption of receipt. The court finds that the corroborating evidence to be credible, and therefore, the Township is entitled to a presumption of receipt.

The presumption of receipt is not dispositive on the issue. The presumption is "rebuttable and may be overcome by evidence that the notice was never in fact received." Id. at 625. Ms. Janel asserts that the Chapter 75 card was never received and blames issues with the local mail. Having considered Ms. Janel's testimony and other evidence, the court finds that Plaintiff has failed to establish that the notice was never received.

Ms. Janel is a real estate attorney. By her own admission, she understands the importance of the notice of assessment in the context of tax appeals and had previously filed an appeal for the Subject Property. She also personally reviews every piece of mail delivered to 260 Wanaque Avenue. Her claim of having "issues" with mail delivery to that address is unsubstantiated and refuted by receipt of other mail sent by the Township, including the tax bill, to that same address.

8

Upon receiving the tax bill, Ms. Janel checked her filing system and was able to locate the tax assessment notices for the other six (6) properties.[8]

While Ms. Janel was steadfast on the non-receipt of the Chapter 75 card and her diligence, her memory became hazy when testifying about other mailings. For example, during her testimony, Ms. Janel admitted that she received the Chapter 91 Letter, but that she did not recall seeing that letter and might have given it to her father. Ms. Janel also could not recall receiving the Introduction Letter and was unfamiliar with the Valuation Letter. The overall evidence does not persuade the court that Plaintiff never received the Chapter 75 card for tax year 2023 for the Subject Property.

N.J.S.A. 54:3-21 governs the filing of a property tax appeal. This provision directs that in a taxing district where a municipal-wide reassessment has been implemented, a taxpayer may appeal on or before May 1 to the County Board of Taxation, or directly to the Tax Court if the assessed valuation of the property exceeds $1,000,000. N.J.S.A. 54:3-21(a)(1). Because a taxpayer's right to appeal is prescribed by statute, taxpayers are required to comply with the statute's time prescriptions. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424 (1985). As such, "[f]ailure to file a timely appeal is a fatal jurisdictional defect" and has resulted in the dismissal of taxpayer appeals. Id. at 425. The statutory scheme establishing this court's jurisdiction is "one with which continuing strict and unerring compliance must be observed." McMahon v. City of Newark, 195 N.J 526, 543 (2008). A complaint that is even one day late must

---

[8] It is unclear why Ms. Janel did not conduct an inventory of assessment cards and property valuations prior to the appeal deadline. A "prudent business practice would have dictated a call to the assessor's office in February or March . . . to inform the assessor that the taxpayer had not received the notices and to inquire about the assessments." Davis & Assocs., 18 N.J. Tax at 634.

be dismissed for lack of jurisdiction.  Prospect Hill Apartments v. Flemington Borough, 1 N.J. Tax 224, 226 (Tax 1979).

Plaintiff asserts that its failure to receive a Chapter 75 card from the Township excuses the untimely filing of its complaint under Centorino v. Tewksbury Twp., 18 N.J. Tax 303, 320 (Tax 1999).  In Centorino, the court found that the taxpayer did not receive the notice of assessment, because the notice was mailed to the wrong person. Id. at 311.  Accordingly, that notice failed to create a presumption of receipt under SSI Med. Servs.  In contrast, the court has found here that the Township properly mailed the Chapter 75 card and is entitled to the presumption of receipt, which was not rebutted.  Thus, Centorino is easily distinguishable from the case at bar.

The complaint was due on May 1, 2023.  Plaintiff, however, did not file the complaint until June 30, 2023, which is sixty (60) days past the statutory filing deadline. As such, the complaint was untimely filed under N.J.S.A. 54:3-21(a)(1). The court has no authority to extend the appeal period.

## CONCLUSION

For these reasons, Plaintiff's complaint is dismissed as untimely.  Judgment reflecting this memorandum opinion will be entered accordingly.[9]

/s/ Michael J. Duffy
Hon. Michael J. Duffy, J.T.C.

---

[9] While the Order to Show Cause was pending, the Township filed a motion to dismiss the complaint for failure to produce income and expense information ("Chapter 91 motion"), pursuant to N.J.S.A. 54:4-34.  Based on today's decision, the Chapter 91 motion is moot.  However, it is worth noting that while Ms. Janel testified that she did not recall seeing the Chapter 91 Letter in the instant matter, she conceded its receipt and her perusal of its contents during the hearing of the Chapter 91 motion.